## [No. 3810.]

## W. A. METCALF v. THE STATE.

1. PRACTICE—JUDGMENT.—In civil cases the trial court has full control over its judgments until the adjournment of the trial term, and can, upon its own motion, set aside or reform the same, or grant a new trial according to the justice of the case, upon the merits as well as matters of form. The same rule applies to misdemeanor cases; and hence the trial court, in this case, did not err in correcting its judgment during the term at which it was rendered, so as to make it appear therefrom that the appellant had been convicted of an aggravated assault.

2. AGGRAVATED ASSAULT—FACT CASE.—See the opinion *in extenso* for evidence *held* insufficient to support a conviction for aggravated assault.

APPEAL from the County Court of Clay. Tried below before the Hon. P. M. Stine, County Judge.

The conviction in this case was for an aggravated assault upon one John Collie, in Clay county, Texas, on the sixth day of November, 1885. The penalty assessed against the appellant was a fine of twenty-five dollars.

The opinion discloses the case.

*Swan & Bomar,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. A jury was waived and the case tried by the judge. It is objected that there was error in the court's subsequent correction of its judgment so as to make it appear therefrom that appellant had been found guilty of an aggravated assault. Being a misdemeanor, the same rule governs as obtains in reference to judgments in civil cases, which is that "until adjournment of the term a court has full control over its judgments and can, upon its own motion, set aside or reform the same, or grant a new trial according to the justice of the case upon the merits, as well as matters of form." (Wood v. Wheeler, 7 Texas, 13; Puckett v. Reed, 37 Texas, 308; Byerly v. Clark, 48 Texas, 345; Blum v. Wettermark, 58 Texas, 125; Hooker v. Williamson, 60 Texas, 524; 2 Cond. Civil Cases, Willson, secs. 313, 572.) The action complained of was not erroneous.

The evidence in this case, briefly stated, shows that the appellant was a school teacher; Collie, the alleged injured party, was one of his pupils.  The latter was a young man over seventeen years of age, larger in size and weight than the teacher.  He had made threats that he intended bringing his pistol to school, shoot it off, and raise a row, a trouble.  These threats were communicated to the teacher, who advised with two of the trustees of the school about it, and they told him, "we do not want any trouble in school, or carrying pistols either; if any body is carrying pistols there it ought to be stopped, or it would break up the school."  Doubtless, in anticipation of the trouble which Collie had threatened, the teacher armed himself with a stick before he demanded the pistol.  Under the circumstances we cannot say that he had not a perfect right to do so.  That he had the right to prevent the carrying of deadly weapons in his school, which was a violation of law as well as the rules of his school, there can be no question.  That he had the right to disarm Collie and take his pistol from him, we think equally clear.

Did he use any more force than was necessary to accomplish that purpose?  The evidence is conflicting as to the character of force used; the preponderance, in our opinion, being against the theory that the force was excessive.  If Collie had given up the pistol upon demand by the teacher, and which demand he had the right to make and enforce, in all probability no violence would have been done or offered him by appellant.  But, instead of doing so, he denied having a pistol, and when the teacher insisted that he had, and must give it up, he, according to some of the witnesses, threatened to shoot the teacher, and then made motions as if to draw it for the purpose of executing his threat.  As soon as he gave up the pistol the defendant let him alone.

Under the facts of this case as they appear to us in the record the judgment is against the weight of the evidence.  If the force used was not excessive, and in our opinion it was not, then appellant, instead of being punished, should be commended in his efforts to maintain obedience, not only to the rules of his school, but to the laws of the State.  That the pupil should have been punished for carrying a deadly weapon into the school in violation of the rules is, we think, beyond question.

Because, in our opinion, the evidence is insufficient to support the judgment, it is reversed and the cause remanded.

*Reversed and remanded.*