IRA BREZELA V. THE STATE.

No. 6881. Decided October 25, 1922.

Carrying a Pistol—Amending Judgment—Practice in Trial Court.

Where defendant pleaded guilty to unlawfully carrying a pistol, and the judge believing him entitled to some leniency, found him guilty of rudely displaying a pistol, which carried a lesser fine, but was not charged in the information, and defendant failing to pay the fine a *capias pro fine* was issued, whereupon he sued out a writ of *habeas corpus* before a district judge, and the term of the County Court not having ended, the county judge reformed the former judgment finding the defendant guilty of unlawfully carrying a pistol, there was no reversible error. Following Metcalf v. State, 21 Texas Crim. App., 174, and other cases.

Appeal from the County Court of Dallas.  Tried below before the Honorable Frank G. Harmon.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Carr v. State, 36 id., 390.

HAWKINS, Judge.—Appellant was charged by complaint and information in the County Court of Dallas County at Law No. 2, with unlawfully carrying on and about his person a pistol.  The pleading embraced no charge for rudely displaying a pistol.  Upon appellant's plea of guilty, evidence was introduced which would have supported a judgment either for unlawfully carrying or rudely displaying a pistol.  The judge of said court, believing appellant entitled to some leniency, found him guilty of "rudely displaying" a pistol and assessed a fine of fifty dollars against him, judgment being entered therefor.  No notice of appeal was given, but appellant appears to have accepted the judgment without complaint.  However, he failed to pay the fine and the judge caused a *capias pro fine* to be issued for him, whereupon he secured the services of an attorney and obtained from the Judge of Criminal District Court No. 2, of Dallas County a writ of *habeas corpus* and his release thereunder on the ground that the judgment against him for "rudely displaying" a pistol was not supported or authorized by the complaint and information.  Some controversy arose between the two judges as to the jurisdiction of their respective courts.  The term of the County Court at which the judgment was entered still being in session the judge thereof caused notice to be served upon appellant and his attorney, and upon their appearance in response thereto, he corrected and amended the former judgment, and entered one finding appellant guilty of "unlawfully carrying" a pistol, assessing punishment at confinement in the county jail for one month, and from the corrected judgment this appeal is taken.

The sole question seems to be the right of the court to amend its judgment. There appears to have been no payment of the fine either in whole or part under the first judgment entered, and the term of court still being in session the court was authorized to correct the judgment making it conform to the complaint and information.  Metcalf v. State, 21 Crim. App., 174, 17 S. W. Rep., 142; Bruce v. State, 36 Texas. Crim. Rep., 53, 35 S. W. Rep., 383; Grisham v. State, 19 Texas Crim. App., 504.  (For other cases collated, see Vernon's Crim. Statutes, Vol. 2, note under Article 853, p. 849).

The judgment as corrected is affirmed.

*Affirmed.*