FRED MULLINS, JR., V. THE STATE.

No. 21234. Delivered November 13, 1940.

The opinion states the case.

*Miller & Dawson*, of Sinton, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with burglary of a store in Taft, Texas, and under certain allegations relative to prior convictions of a felony less than capital, he was sentenced to the penitentiary for life.

The indictment alleges in the first count thereof the burglary of the Taft store; in three further counts it alleges in similar language three other and distinct felonies. Only one of such allegations do we set forth, but they are alike save for dates and numbers: "And the grand jurors do further present that prior to the commission of the aforesaid offense by the said Fred Mullins, Jr., to-wit: on the 3rd day of November, 1930, in the District Court of Bell County, Texas, in Cause No. 10,608 on the docket of said court, the said Fred Mullins, Jr., under the name of Fred Mullins, was duly and legally convicted in said last named court of a felony offense less than capital, to-wit, Burglary, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction and said conviction was a final conviction;"

Appellant moved to quash the three last counts of the indictment because "Such allegations are insufficient in that there is omission of the averment that each succeeding offense was committed after conviction of the preceding offense," and the

court refused to strike said counts from the indictment, and overruled the motion.

Under the decisions of this court the motion was well taken and should have been by the court sustained. We held in Gammill v. State, 117 S. W. (2d) 790, that: "Appellant attacks that part of the indictment alleging the prior convictions on the ground that there is omission of the averment that each succeeding offense was committed after conviction of the preceding offense. This complaint is well founded."

Also see Ellis v. State, 115 S. W. (2d) 660; Kinney v. State, 45 Tex. Cr. R. 500, 78 S. W. 225, 79 S. W. 570; Neece v. State, 62 Tex. Cr. R. 378, 137 S. W. 919; Muckenfuss v. State, 55 Tex. Cr. R. 216, 117 S. W. 853; Long v. State, 36 Tex. 6; Nunn v. State, 110 S. W. (2d) 71; Arbuckle v. State, 132 Tex. Cr. R. 371, 105 S. W. (2d) 219.

A safe guide for the drawing of such indictments can be found in 12 Tex. Jur., p. 796, as follows:

"The indictment must allege directly that the former conviction was for an offense committed prior to the offense for which the accused is to be tried, or, in other words, that the second offense was repeated after conviction for the first. Thus, where it is desired to charge several previous convictions, the indictment should aver that the accused was convicted in the first case for an offense committed prior to commission of the offense declared on in the second case, that he was convicted in the second case for an offense committed prior to commission of the offense denounced in the third case, that he was thereafter convicted in the third case, and that all these convictions were for offenses committed prior to commission of the offense for which he is about to be tried."

The motion to strike out the three counts charging prior convictions for felony offenses should have been sustained. However we do find the present offense properly charged, and in the event the cause is again tried upon the present indictment, the court should only submit the first count in the indictment.

The judgment is reversed and the cause remanded.