## J. B. FOWLER V. THE STATE.

No. 22130. Delivered May 20, 1942.
Rehearing Denied June 24, 1942.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a judgment of guilty upon a jury verdict in the County Court assessing a penalty of $100.00.

The one bill of exception in this case complains of the refusal of the court to grant appellant's motion for a continuance. When the case was called he filed application for a continuance based upon his failure to secure the presence of a witness alleged to be named "Jelly" Harris or "Jelly" Harry, it being admitted that his exact name is not known to the appellant. The motion sets out that the appellant learned from a State's witness in the case, who is a representative of the Liquor Control Board, that a party who was with him on the occasion of the purchase from appellant was known as "Jelly" and was named Harris or Harry. He then verified the name by a conversation with other State witnesses, neither of whom could give him the present whereabouts of the party. Subpoena was issued but could not be served. It is then said that if the witness was present, "He would testify that he was present at the time and place alleged in the complaint of the sale of whiskey to one Charles Fuller; * * * that he did not at any time see Charles Fuller purchase or get any intoxicating liquors from said defendant."

In overruling the motion for continuance the court said he did so under the authority of Gregory v. State, 37 S. W. 752; Reed v. State, 38 S. W. 613; McGriff v. State, 38 S. W. 789, and Conatser v. State, 170 S. W. 314. From an examination of these authorities we take it that it was the conclusion of the trial judge from the evidence before him and all of the facts and testimony in the case that it was not probable the witness, if present, would so testify or that, if he did, the jury would not likely believe his testimony. The authorities cited by him are consistent on this point.

Furthermore, we note from the statement of facts that the witnesses relied upon to give the name of the absent witness testified that they did not know what his name was; that they have no knowledge of his whereabouts and we find no prospect presented showing that the party on trial would be able to secure his attendance at another term of the court. It does not appear that either he or his attorney had had any communication with the witness through which they obtained the

information that he would testify as alleged in the motion. No such affidavit is attached to the motion for a new trial. Even if he did, there would be nothing conclusive about such statement, for he might have been present and, yet, have failed to see the sale. In this respect it appears that the motion does not contain sufficient allegation of what is meant by his presence in order that the testimony may be relied upon to refute the direct and positive testimony given by the State's witnesses, none of which was denied by the appellant himself nor by anyone in his behalf. Had the witness been present and so testified, the evidence would have been admissible, but with very little cogency unless it contained more than that set out in the motion.

The circumstances of this case, together with the statement of facts found in the record, will not warrant this court in saying that the trial judge abused the discretion lodged in him.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant seriously contends that we erred in two respects in the disposition which we made of this case on the original submission thereof: First, in holding his bill of exception insufficient; and second, in declining to sustain his contention that the judgment is insufficient in that it did not adjudge him guilty of any offense. We do not deem it necessary to again enter upon an extended discussion of his first contention inasmuch as the same was, in our opinion, properly disposed of originally. His second contention seems to be without merit.

It will be noted that the judgment, omitting the preliminary parts thereof, reads as follows:

"It is therefore considered, ordered and adjudged by the Court that the State of Texas do have and recover of the defendant, J. B. Fowler, the said fine of $100.00 and all costs of this prosecution and execution may issue against the property of said defendant for the amount of such fine and costs; and the said defendant, J. B. Fowler being now present in court, be committed to the custody of the sheriff who shall forthwith con-

fine him in the jail of Lubbock County from this date and until said fine and costs are fully paid."

We deem this judgment sufficient under Article 783, C. C. P., and the case of Gipson v. State, 126 S. W. 267, wherein this court reformed the judgment couched in language similar to that in the instant case.

12 Tex. Jur., p. 709, sec. 348, lays down the rule as follows:

"In misdemeanor cases, it is not necessary that the judgment show *eo nominee* an offense of which the accused has been convicted, or specify the particular count upon which a conviction has been based."

Believing the judgment sufficient, the motion for rehearing is in all things overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.