# JANUARY 3, 1945

ROSETTA ALLEN V. THE STATE.

No. 23010. Delivered January 3, 1945.

The opinion states the case.

*Mandell & Wright,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder in which the habitual criminal statute was invoked and the penalty assessed was life in the penitentiary.

It will not be necessary to discuss the facts of the case. A motion to quash the indictment was timely filed and we think it should have been sustained as to the second and third paragraphs. The first paragraph correctly charges the offense of assault to murder.

The second and third paragraphs contain allegations of former convictions in other counties of Texas, dated July twenty-first, 1941, and December twelfth, 1933. It is not alleged that the crime set out in the second paragraph, for which the conviction was had in 1941, was committed subsequent to the trial and conviction of 1933. In the absence of such allegations the State would not be permitted to make proof of such fact and the penalty assessed could not be sustained. We had the identical question under consideration in the case of Square v. State, 154 S. W. (2d) 852 and would hardly be able to write more definitely in the instant case than in that opinion. The leading cases on the subject were discussed and followed in the Square case. See also Harrison v. State, 168 S. W. (2d) 243. We do not feel at this time that our position should be changed and, for the reason therein set out, the trial court should have quashed the second and third paragraphs in the indictment as found in the record now before us.

The argument presented on the question of race discrimination is not viewed with great favor by the writer of this opinion. We see no excuse for the assertion made. Appellant admitted a criminal record extending into several states. She had served a term in the Alabama penitentiary between the two former convictions in Texas, and had been arrested on felony charges in other states. Her story as a witness denying the charge in the instant case was not calculated to impress any fair minded jury. That they found her guilty could occasion no great surprise. Had she been white she would, in all probability, have been found guilty and the sentence would follow as a matter of law.

The judgment of the trial court is reversed and the cause remanded with instructions to quash the second and third paragraphs in the indictment.