GEORGE DANIEL STEPHENS V. STATE

No. 27,480. March 16, 1955
Rehearing Denied April 20, 1955

W. D. R. Owen, Eastland, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender, as denounced by Article 802b, V.A.P.C.; the punishment, a fine of $100.00.

State Highway Patrolmen Womack and Hatton testified that on the day in question they observed a pickup truck weaving on the highway; that as it stopped for a red light they instructed the appellant, who was the driver thereof, to get out; that they smelled his breath, observed his manner of speech and manner of walking, and concluded that he was intoxicated. A partially empty bottle of whiskey was found in the truck, and the appellant was carried to jail. City Policeman Pence corroborated the testimony of the arresting officers.

The appellant did not testify, but offered several witnesses, who stated that the appellant was not intoxicated on the day in question.

The jury resolved the disputed issue of fact against the appellant, and we find the evidence sufficient to support the conviction.

We shall discuss the contentions raised in the appellant's brief.

A motion to quash the indictment was filed which complained of the allegation as to the prior conviction. Appellant contends that the same is insufficient because it does not recite the day

on which the prior offense was committed and does not recite that the same was a final conviction.

Appellant relies upon Mullins v. State, 140 Texas Cr. Rep. 261, 144 S.W. 2d 565. The indictment in the Mullins case was drawn under Article 63, V.A.P.C. (Habitual Criminal), and alleged three prior convictions for enhancement purposes. We reversed the conviction because the indictment did not allege that each succeeding offense was committed after conviction for the preceding offense.

An indictment almost identical to the one before us here was before the court in Broughton v. State, 148 Texas Cr. Rep. 445, 138 S.W. 2d 393. There we said:

"Appellant cites us to the case of Allen v. State, Texas Cr. App., 184 S.W. 2d 470, as supporting his contention. It will be noted that in that case the State, for the purpose of enhancing the punishment as provided by Art. 63, P.C., charged two prior convictions. Such is not the case here. In the present instance, the State charged a prior conviction to show that in the commission of the subsequent offense, appellant was guilty of a felony under Art. 802b, Vernon's Ann. P.C. and by reason thereof, the District Court had jurisdiction of the offense. The object and purpose of the two statutes are different: One is to enhance the punishment while the other is to charge a felony and is jurisdictional.

\* \* \* \*

"It was not necessary to set out the prior conviction with the same particularity as it was set out in the original complaint and information. It was sufficient to charge that he had been convicted of an offense of like character prior to the commission of the primary offense charged. A conviction means a final conviction. If the conviction was not final, it could be shown as a matter of defense. See Ellis v. State, 134 Texas Cr. R. 345, 115 S.W. 2d 660."

Appellant next contends that the trial court erred in rendering a judgment in this case out of the presence of the appellant.

The verdict was received on November 5 and read in open court, the appellant being present. On November 8 a judgment was entered in the absence of the appellant. On November 12, while the appellant was in the courtroom, the court in his pres-

ence set aside the judgment dated November 8 and rendered and entered judgment as of that date.

This action of the court removed any question as to the pronouncement of judgment, and no harm to the appellant has been shown.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

DICE, Judge.

Appellant insists that the judgment entered against him on November 8th was void because entered in his absence, and being void the court was without authority to thereafter, on November 12th, set aside the judgment and enter judgment against him in his presence.

The judgment entered on November 8th was not void because rendered and entered in the absence of the appellant. In Ex parte Gibson, 137 Texas Cr. Rep. 72, 128 S.W. 2d 396, it was held that under Art. 766, V.A.C.C.P., a judgment follows the verdict as a matter of law and is the declaration of the result of the trial rather than a part of the trial itself where the presence of the defendant is required.

The record shows that the action of the court setting aside the judgment of November 8th and rendering and entering judgment on November 12th was within the term in which the judgment was entered and before appellant gave notice of appeal. Being within the term, the court had full power and control over the judgment entered and authority to correct, modify or set the same aside. 12 Texas Jur., p. 736, Sec. 366; Williams v. State, 145 Texas Cr. R. 536, 170 S.W. 2d 482.

Appellant further insists that the former misdemeanor conviction relied upon by the state is void because the judgment entered in the proceedings did not describe the offense for which he was adjudged to be guilty. This contention is without merit. The complaint and information in the case in which the judgment was rendered show that appellant was charged with the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated. The judgment in a misdemeanor case is not required to describe the offense for which the defendant

is adjudged to be guilty. Fowler v. State, 144 Texas Cr. R. 382, 162 S.W. 2d 969.

The motion for rehearing is overruled.

Opinion approved by the Court.