### GEORGE H. BROWNLEE V. STATE

No. 28,233. April 4, 1956.

Appellant's Motion for Rehearing Overruled.
May 9, 1956.

Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) June 6, 1956.

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Transportation of beer in a dry area is the offense, with punishment assessed at a fine of $100.

The statement of facts appearing in the record does not appear to have been filed with the clerk of the trial court, as required by Art. 759a, Sec. 4, Vernon's C.C.P.

For that reason the statement of facts and the informal

bills indexed therein may not be considered. Williams v. State, 264 S.W. 2d 112.

Accordingly, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

It is shown that the statement of facts was filed in the trial court within the time allowed by law and is entitled to be considered.

The evidence shows and appellant as a witness in his own behalf testified that he had in his automobile when arrested, at the Stacey Bridge in Coleman County, five cases of sixty quart bottles of beer.

Coleman County was stipulated to be a dry area.

It was appellant's contention, supported by his testimony, that he purchased the beer in Concho County, where it was legally sold, for his own use and was bringing it to his home in Coleman County; that he had never sold a bottle of beer in his life and that Billy Allen, when he was county attorney, had told him that it was not a violation of the law for him to bring beer home for his own use.

The sole disputed issue of fact thus presented was whether the beer was being transported from a place where its sale was legal to appellant's home in Coleman County, a dry area, for his own use.

The state relied upon the presumption arising from the possession of more than the equivalent of 24 twelve ounce bottles of beer that it was possessed for the purpose of sale and not for appellant's own use, and appellant relied upon his testimony that the beer was possessed for his own use and not for sale.

Appellant was not represented by counsel and there are no objections to the charge. Hence, he is in no position to complain of the manner in which the issue was submitted to the jury.

The jury was instructed as to the exception found in Art. 666-23a(1) V.A.P.C., which reads: "It is provided that any

person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

The jury chose to reject appellant's testimony that the beer was for his own consumption, and we would not be warranted in setting aside their findings.

The verdict and judgment are attacked because they fail to state and specify the offense for which appellant was tried and found guilty.

The complaint and information charged one offense, namely the unlawful transportation of beer in a dry area.

The court, in his charge, submitted the case to the jury upon this one offense and the jury returned a verdict reading as follows: "We, the jury, find the defendant: Guilty of the offense of—as alleged in the Information, and assess his punishment at $100.00 Fine."

The judgment recites that appellant pleaded not guilty to the information and that the jury, being sworn and having heard the information read and the evidence adduced and having been duly charged, returned such verdict. It ordered and adjudged that the state recover the fine of $100 and costs and that capias pro-fine issue therefor.

The verdict and judgment are deemed sufficient. Stephens v. State, 161 Tex. Cr. Rep. 407, 277 S.W. 2d 911; Ellison v. State, 154 Tex. Cr. Rep. 406, 227 S.W. 2d 545.

Appellant, having testified that he had the beer in his car and was transporting same, is in no position to complain of the admission of the testimony of the officer to that effect.

Appellant's motion for rehearing is overruled.