**Janet Denicee MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–95–0168–CR.

Court of Appeals of Texas, Amarillo.

March 18, 1997.

James M. Murphy, Dallas, for appellant.

John Vance, Criminal District Attorney, Patricia Poppoff Noble, Steve Heath, Dan Wyde, Assistant District Attorneys, Dallas, for appellee.

\* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.

Before DODSON and QUINN, JJ., and REYNOLDS, Senior Justice.\*

REYNOLDS, Senior Justice.

Pleading guilty before the court to the indicted offense of engaging in organized criminal activity, *viz.*, theft over $20,000, appellant Janet Denicee Mitchell was found guilty, and was assessed punishment at imprisonment for 60 years and a fine of $10,000. Adjudging that appellant is not entitled to the requested reversal and remand for a new punishment hearing, or to an abatement and remand for a hearing on her motion for new trial, we will affirm.

A summary of the events leading to appellant's conviction and appeal are necessary to properly position her five points of error. By its indictment, the State alleged that appellant intended to establish, maintain, and participate in a combination, and in the profits of a combination, of at least 33 named persons who were involved with her in a continuing course of committing 101 underlying theft offenses aggregating to $20,000 or more. The offense for which appellant was indicted is a first degree felony. Tex. Penal Code Ann. § 71.02(b) (Vernon 1994 & Supp. 1997). The punishment for a first degree felony is imprisonment for any term of not more than 99 years or less than 5 years and, in addition, a fine not to exceed $10,000 may be imposed. Tex. Penal Code § 12.32 (Vernon 1994).

In entering her plea of guilty to the offense charged in open court before Honorable Bill Stephens, an assigned judge sitting for Honorable Gerry Meier, judge of the court, appellant, who had been duly admonished, also signed and filed an instrument containing, among other matters, a waiver of her right to trial by jury, and the following voluntary statements:

3. That I have been advised as to the consequences of a plea of guilty or nolo contendere including the minimum and maximum punishment provided by law....

\*   \*   \*   \*   \*   \*

Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and:

   <u>X</u>  I am GUILTY of the offense of Engaging in Organized Criminal Activity Theft Over $20,000

exactly as alleged in the charging instrument including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the <u>1st</u> day of <u>March</u>, 19<u>88</u>.

   *     *     *     *     *     *

I agree that the Court may consider my judicial confession as evidence in this case.

The instrument was signed by appellant's retained attorney to evince his agreement to appellant's waivers and statements, by the prosecutor to show his consent and approval, and by Judge Stephens to affirm the court's acceptance of appellant's plea, approval to her waiver of trial by jury and consent to stipulate testimony, and to record the finding that appellant's plea, waivers, agreements and consents were freely and voluntarily made.

The record contains the court's written admonition of appellant's statutory and constitutional rights, including the information that she is charged with the crime of engaging in organized criminal activity, and the range of punishment is "5–99/life" and "fine not to exceed $10,000.00." The instrument was signed by appellant to acknowledge her understanding of the admonitions and consequences of her plea, and by her attorney.

At the conclusion of the plea hearing, the trial judge addressed appellant, stating, "Mrs. Mitchell, based upon your plea of guilty and the evidence that's been admitted, I do find that the evidence substantiates your guilt beyond a reasonable doubt." The cause was continued to permit the receipt of a presentence investigation report for the hearing on punishment.

During the second day of the punishment hearing, the prosecutor notified the court it had come to his attention that one of the State's witnesses in the prior proceeding, and other individuals, "may be the subject of

contract hits out for their life . . . which were put out by [appellant] on his life and others," which was the subject of recent federal indictments. The prosecutor considered it his duty to bring this to the attention of the court, not with the intention of offering it for the purpose of the punishment hearing, but as a matter which affected the potential safety of one of the witnesses. Following an extended discussion between the court and counsel, the court, considering the allegations serious and deeming it incumbent upon the court to hear evidence on the matter, recessed until the next morning for the subhearing.

However, when court reconvened, the court announced the determination that the subhearing would not be conducted, the matter would not be heard and that, although the door was not closed to any future hearings needed, the "court will not take into consideration any suggestions that were brought before the court yesterday morning." Instead, the punishment hearing would continue, but the PSI report, which the court had not seen, would not be considered because the court was advised it might contain extraneous offenses that would not be admissible.

Apparently with reference to his earlier charge that the prosecutor was trying to poison the court's mind with his allegations, defense counsel reminded the court that "the Court of Criminal Appeals no longer presumes that the court did not consider inadmissible evidence." The court responded, "That's the reason for this statement, so that the Court of Criminal Appeals will understand that I am not considering any inadmissible evidence." Appellant's motion for a mistrial because of the conduct of the prosecutor was overruled.

A lengthy punishment hearing accommodated the presentation of the State's prolific evidence. The evidence was designed to show that over a three year period beginning in 1988, appellant was the organizer and ringleader of a group of 33 other persons who, by making false, fraudulent and deceptive claims for payment of alleged losses under contracts of insurance, obtained money in the aggregate value of far more than $20,000 from insurance companies.

After hearing the evidence and argument of counsel, Judge Stephens announced on the record that appellant's punishment was assessed at 60 years confinement and a $10,000 fine. Being informed there was no legal reason why appellant should not be sentenced at the time, the judge imposed sentence accordingly.

The docket sheet prepared for the cause has the typed name of appellant, and under the offense column is shown, in the same type, "THEFT OF PROPERTY OF THE VALUE OF $20,000 OR MORE, A SECOND DEGREE FELONY, AS CHARGED IN THE INDICTMENT/REIND." Thereafter, at some undisclosed time, the typed words "THEFT OF PROPERTY OF THE VALUE" and "SECOND" were lined through in ink, and underneath the words "Engaging in Organized Crim/Theft Over $20,000, a 1st degree Felony," were written in ink.

There are two judgments in the record, each of which is dated "12/19/94," signed by Judge Gerry Meier, and shown of record at "VOL. 200 PAGE 0085." Both judgments are identical in language and were completed to show that appellant was convicted of, and sentenced to confinement for 60 years and a $10,000 fine for, an offense committed on "03/01/88," except that: one judgment shows the offense to be "THEFT OF PROPERTY OF THE VALUE OF $20,000 OR MORE," and the degree as "SECOND"; the other shows the offense to be "ENGAGING IN ORGANIZED CRIME/THEFT OVER $20,000," and the degree as "FIRST." Neither judgment bears a file mark.

Appellant moved for a new trial and requested an evidentiary hearing. As material to the appellate points of error, the grounds were that (1) the judgment and sentence are void and not entered in accordance with law for the reason that the trial court never found her guilty of the charges alleged in the indictment, on the record, in open court, and in her presence; (2) the evidence is insufficient to show her guilty of a first degree felony offense and, therefore, the punishment assessed and the sentence imposed are in excess of that allowed by law; and (3) the court committed material error in denying her motion for mistrial after the prosecutor intentionally injected matters of extraneous facts of her other alleged crimes, acts and wrongs during the punishment phase of the trial. The motion was denied by Judge Stephens.

By her first three interrelated points of error, appellant contends, in brief, that the trial court's judgment finding her guilty of the lesser included offense of theft of property over the value of $20,000 constituted an acquittal of the first degree felony offense of engaging in organized criminal activity, and, therefore: (1) the 60 year sentence imposed is in excess of that allowed by law and is void; (2) the entry of the "nunc pro tunc" judgment changing the verdict of guilty from the second degree felony to the first degree felony is void; and (3) the judgment "nunc pro tunc" was entered without notice, hearing and proof, and is void. Conformably, appellant seeks an order declaring the "nunc pro tunc" judgment and sentence for the first degree felony void, and a reversal and remand for a new punishment hearing on the conviction for a second degree felony offense, the punishment for which is prescribed as imprisonment for not more than 20 years or less than 2 years and, in addition, a fine not to exceed $10,000 may be imposed. Tex. Penal Code Ann. § 12.33 (Vernon 1994).

Three threshold matters do not escape our attention. First, none of these three contentions was presented to the trial court in the motion for new trial, or otherwise, for a ruling so as to preserve them for appellate review. Tex.R.App.P. 52(a). Second, appellant presumes that Judge Meier signed the judgment of conviction for the second degree felony before the one for the first degree felony judgment was signed; yet, the presumption is not clearly established in the record. Third, the judgment of conviction for the first degree felony offense, which carries the same signing date as the other judgment, is not labeled a "nunc pro tunc" judgment, and rightly so, for a true nunc pro tunc judgment is one correcting clerical errors after the trial court has lost plenary power. *Ferguson v. Naylor*, 860 S.W.2d 123, 126 (Tex.App.—Amarillo 1993, writ denied).

Notwithstanding, if it be assumed arguendo the ground in appellant's motion for new trial that the trial court never found her guilty of the charges alleged in the indictment, the first predicate she uses to launch her arguments, sufficiently alerted the trial court to the contentions she now advances, and that her presumption of the order of signing the judgments is correct, her contentions are reviewable. Given the liberal construction of the briefing rules, the contentions will be addressed. *See* Tex.R.App.P. 74(p).

Appellant theorizes that in announcing he found the evidence substantiated her guilt beyond a reasonable doubt, Judge Stephens did not find to which offense the finding pertained and, as a result, the only verdict of guilty was in the "first" judgment of conviction for the second degree felony theft offense signed by Judge Meier. Based upon this predicate, she argues that the judgment constituted an acquittal of the higher first degree felony offense of engaging in organized criminal activity and, thus, the sentence of 60 years imprisonment and a $10,000 fine is void as being in excess of the punishment allowed by law.

█ The signing of two different judgments dated the same day is unexplained in the record. Nevertheless, both judgments were signed during the term in which the trial was completed and, at least since 1876, when *Parrish v. State,* 45 Tex. 51, 56 (1876), was decided, it has been the rule in criminal cases that a judgment of the trial court is subject to control of the court for any proper correction during the term. Indeed, the trial court retains full power and control over its judgments during the term in which they were made, with authority to correct, modify or reform them, or to set them aside. *Stephens v. State,* 161 Tex.Cr.R. 407, 277 S.W.2d 911, 913 (1955); *Williams v. State,* 145 Tex. Cr.R. 536, 170 S.W.2d 482, 486 (1943); *Metcalf v. State,* 21 Tex.App. 174, 17 S.W. 142 (Tex.App 1886).

Appellant was indicted for the first degree felony offense of engaging in organized criminal activity, to-wit: theft of $20,000 or more. In open court, she pleaded guilty to that offense, acknowledging to the court her understanding of the crime with which she was charged, which was named, and the range of punishment, which was explained, and affirmed that she was pleading guilty because she was guilty and for no other reason. Also, in writing, she pleaded guilty to the offense as alleged in the charging instrument, specifically naming it, and judicially confessed to its commission. Hearing the evidence adduced on the guilty plea, Judge Stephens stated, "Mrs. Mitchell, based upon your plea of guilty and the evidence that's been admitted, I do find that the evidence substantiates your guilt beyond a reasonable doubt." Obviously, under this record, the finding of guilt was referenced to the first degree felony with which appellant was charged, and to which she pleaded guilty.

At the punishment hearing, the State's evidence detailed thefts far in excess of $20,000. Hearing the evidence, Judge Stephens assessed appellant's punishment for a first degree felony and, there being no legal objection, imposed sentence accordingly.

█ All of the proceedings establish that appellant was only charged with, only pleaded guilty to, and was only found guilty of, the first degree felony of engaging in organized criminal activity. Other than the judgment of conviction for the second degree felony offense of theft, there is an absence of any evidence, docket entry, or other document from which it could even be speculated, much less inferred, that the offense charged had been reduced to, or that appellant was found guilty of, a second degree felony. It follows that a conviction of appellant for the second degree felony offense of theft was not rendered as the product of judicial reasoning and, consequently, the judgment to that effect was a "clerical" error, *Alvarez v. State,* 605 S.W.2d 615, 617 (Tex.Cr.App.1980), which the trial court could correct during the term to recite the true first degree felony offense for which appellant was convicted and sentenced. Thus, the judgment of appellant's conviction for the first degree felony offense of engaging in organized criminal activity, theft of $20,000 or more, is the valid judgment.

Because the valid judgment of conviction for the first degree felony offense was not a nunc pro tunc judgment, but merely a correction made during term time, there was no requirement for notice, hearing and proof in appellant's presence. *See Jones v. State*, 795 S.W.2d 199, 202 n. 7 (Tex.Cr.App.1990) (noting that the procedure for entering a nunc pro tunc judgment has been construed to require a hearing at which evidence must be adduced in the presence of the defendant proving that the events in question actually occurred). The judgment was the result of the trial, rather than a part of the trial itself where appellant's presence was required. *Stephens v. State*, 277 S.W.2d at 913. Appellant's first three points of error are overruled.

With her fourth point of error, appellant faults the trial court for denying her motion for new trial during the punishment phase of the trial when the prosecutor made the comments to the court, which were noticed earlier, regarding appellant's contracts to kill witnesses. She argues that since the presumption the trial judge disregards incompetent evidence admitted at trial was voided in *Gipson v. State*, 844 S.W.2d 738, 741 (Tex. Cr.App.1992), the prosecutor's attempt to inject other serious crimes without evidence to support the assertions made it impossible to remove the taint from the trial court's mind, and cast a serious shadow on whether a rational trier of fact might have reached a different punishment if the statements and their effects had not occurred. Therefore, appellant rationalizes, under a harm analysis the 60 year sentence should be reversed and the cause remanded for a new trial on the issue of punishment before a different judge.

To resolve the effect of the prosecutor's comments upon the trial court, it is unnecessary to perform a harm analysis of them under the subjective methodology set out in *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Cr.App.1989). The purpose of the harm analysis is to calculate as much as possible the probable impact of an error on the trier of fact in the light of the existence of other evidence. *Id.*

Of course, the unsworn comments of the prosecutor did not constitute evidence, nor were they evidenced. The trial court, recognizing that the subject matter of the comments was "inadmissible evidence," declared upon the record that the "court will not take into consideration any suggestions" conveyed by the comments. The declaration was tantamount to an instruction to disregard, which cured the potential harm. *Richardson v. State*, 624 S.W.2d 912, 914 (Tex.Cr. App.1981). Moreover, we presume the court adhered to its declaration not to consider any inadmissible evidence and, considering the existence of the other evidence, conclude beyond a reasonable doubt that the prosecutor's comments did not contribute to appellant's punishment. Appellant's fourth point of error is overruled.

With her fifth point of error, appellant contends the trial court erred in denying her motion for new trial without an evidentiary hearing, and she merits a remand for a hearing. In her motion, she alleged that under the circumstances in which the prosecutor injected the comments about her during the punishment phase of the trial, the prosecutor acted in bad faith with the purpose of prejudicing the trier of fact in the determination of sentence to be imposed, and the court erred in refusing to conduct a full and fair hearing on the matter. She now argues, primarily on the authority of *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Cr.App.1993), that the trial court should have conducted a hearing on her motion for new trial since these matters are not determinable from the record.

As we illustrated in resolving appellant's fourth point, this matter raised in her motion for new trial not only was determinable from the record, but it did not entitle her to relief. As a consequence, the trial court was not required to hold a hearing on the motion. *Id.* Since this is not a situation where sufficient facts are alleged in the motion for new trial which, if true, would warrant a new trial, appellant was not entitled to a hearing on her motion. *Hafdahl v. State*, 805 S.W.2d 396, 400 (Tex.Cr.App.1990). Appellant's fifth point of error is overruled.

The judgment is affirmed.