# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00103-CR

**Cory Don Simek, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 60985, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).  In 2007, appellant Cory Don Simek pled guilty to possession of marihuana over four ounces, under five pounds.  Because the offense occurred in a drug-free zone, the crime was elevated from a state-jail felony to a third-degree felony.  He was sentenced to ten years' imprisonment but placed on probation for five years.  After being charged with several misdemeanors, the State moved to revoke Simek's probation.  The district court accepted Simek's plea of true to the allegations and sentenced him to six years' imprisonment.  We will affirm the judgment of the district court.

## BACKGROUND

On April 11, 2007, Simek was charged by indictment with possession of marihuana over four ounces, under five pounds in a drug-free zone, a third-degree felony.  *See* Tex. Health & Safety Code Ann. §§ 481.121(b)(3), .134(d) (West 2010 & West Supp. 2012) (increasing state-

felony to third-degree felony if offense is committed in drug-free zone). His indictment contained an enhancement paragraph, alleging that Simek had been previously convicted in August 2006 of possession of marihuana over four ounces but under five pounds. Simek's judicial confession was admitted into evidence. Simek signed the sworn confession, which was also signed by his lawyer, and approved by the district court and the State. The confession read as follows:

### FIRST PARAGRAPH

[Simek] did then and there knowingly and intentionally possess a usable quantity of marihuana, in an amount of four ounces or more but less than five pounds; [sic]

And it is further presented in and to said court that the offense alleged herein was committed on, or within 1,000 feet of premises owned, rented or leased by an institution of higher learning, namely: Miller Heights Elementary School in Belton, Texas."

Below these lines, a second section entitled "SECOND PARAGRAPH," concerning the prior conviction was crossed out with a notation that it is "waived and abandoned." After the State removed that enhancement paragraph, the court questioned Simek:

Q: All right. All right. That case will—that paragraph will be abandoned. So, you are just charged with the third-degree felony contained in the First Paragraph. Do you understand?

A: Yes, sir.

The court then asked for Simek's verbal plea:

Q: All right. I will accept your waivers of your rights, Mr. Simek. And the possession of marijuana over four ounces, less than five pounds, and also with regard to the 1,000 feet of the school, the drug-free zone, are you pleading "guilty" or "not guilty"?

A: Guilty, Your Honor.

As the State recommended, the district court sentenced Simek to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID), and ordered him to attend TDCJ-ID's Special Alterative Incarceration Program ("Boot Camp"). After he successfully completed Boot Camp, the district court placed Simek on probation for five years.

In 2008, the State first moved to revoke Simek's probation alleging that he committed a new felony offense—possession of cocaine in an amount of less than one gram—and a new misdemeanor offense—possession of marihuana in an amount less than two ounces, and violated the terms of his probation. *See* Tex. Health & Safety Code Ann. §§ 481.115(b), .121(b)(1) (West 2010). The State later withdrew its motion to revoke, permitted Simek to serve nine months in state jail, and otherwise continued his probation.

In October 2011, the State filed a second motion to revoke, this time alleging that Simek had twice been charged with driving while his license was suspended—a misdemeanor—and once charged with public intoxication—also a misdemeanor—and consuming alcoholic beverages in violation of his probation. At the revocation hearing, Simek pled true to the State's allegations. At the subsequent sentencing hearing, the district court heard evidence on punishment, and sentenced Simek to six years in TDCJ-ID. This appeal followed.

**ANALYSIS**

Simek's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also High v. State*, 573 S.W.2d 807, 810-11 (Tex. Crim. App. 1978). Simek was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a *pro se* brief.

3

Simek filed his *pro se* brief contending that: (1) his Fifth Amendment rights were violated when he was sentenced to punishment for an offense with an enhancement paragraph he contends was not present in his indictment, not proven in the arrest affidavit, and not shown in the original judgment; (2) he received ineffective assistance of counsel both (a) when his original attorney instructed him to sign a plea agreement containing the allegedly inappropriate enhancement and (b) when his subsequent attorney failed to correct the error in his judgment and sentencing and failed to prepare him for trial or review his Pre-Sentence Investigation (PSI) packet with him; (3) the district court abused its discretion in sentencing him based on the allegedly inappropriate enhancement paragraph; and (4) the district court's sentence violated the Eighth Amendment.

Before granting counsel's motion to withdraw in an *Anders* appeal, an appellate court must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744. "The terms 'wholly frivolous' and 'without merit' are often used interchangeably in the *Anders*-brief context." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). "Whatever term is used to describe the conclusion . . . the court must reach before granting [counsel's] request [to withdraw], what is required is a determination that the appeal lacks any basis in law or fact." *Id*.

The court of criminal appeals has further explained the analytical procedure in *Anders* appeals as follows:

> When faced with an *Anders* brief and if a later *pro se* brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Although an appellate court is not required to do so, "when a court of appeals finds no issues of arguable merit in an *Anders* brief, it may explain why the issues have no arguable merit." *Garner v. State*, 300 S.W.3d 763, 764 (Tex. Crim. App. 2009); *see Bledsoe*, 178 S.W.3d at 827.

**Fifth Amendment**

In his first issue, Simek argues that his constitutional rights under the Fifth Amendment were violated when he was sentenced to punishment for an offense with an enhancement paragraph that was allegedly not present in his indictment, not proven in the arrest affidavit, and not shown in the original judgment.

### *Simek's indictment*

Simek asserts that his indictment did not reference that his offense was committed in a drug-free zone, thus, in his view, the district court violated his constitutional rights by utilizing the drug-free zone enhancement to increase his punishment from a state-felony to a third-degree felony. Simek did not raise any alleged defects of form or substance in the indictment to the trial court, and thus, has not preserved error for review. *See* Tex. Code Crim. Proc. Ann. art 1.14(b) (West 2005); *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990); *see also* Tex. R. App. P. 33.1(a). Because Simek did not timely assert his due process and notice complaints by raising them for first time on appeal, they could not arguably form the basis for reversal on appeal.

But even if this issue had been properly preserved, it would still lack arguable merit. Simek's argument, and indeed the majority of his appeal, rests on a faulty premise. When Simek describes his allegedly deficient "indictment," he in fact refers to a document titled "Precept to Serve Copy of Indictment." This document commands the Sheriff of Bell County to deliver to Simek "the

5

accompanying certified Copy of Indictment," and evidences the sheriff's signed return following delivery as required by the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 25.01, art. 25.02 (West 2009). By its clear terms, this document is not Simek's indictment. While this document does not reference the drug-free zone enhancement, this omission is of no legal consequence. Simek's actual indictment describes his offense as occurring in a drug-free zone and includes a paragraph detailing the drug-zone enhancement.

Simek acknowledges his actual indictment, but asserts first, that it was not fully filled out, and second, that he was never properly served with it. As to the first point, contrary to Simek's assertion, his indictment contains all the information that is required. *See id.* art 21.02 (detailing requisites of indictment). The alleged omissions would not suffice to sustain a constitutional challenge to an otherwise valid indictment. As to his second point, Simek claims that he was never served with a copy of his indictment, rather he received only the sheriff's precept. As already mentioned, Simek has waived this argument by failing to present it to the trial court. *See Alexander v. State*, 137 S.W.3d 127, 131 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Simek has raised no arguable issues concerning the form, substance, or delivery of his indictment. For this and other reasons, any constitutional challenge based on Simek's indictment lacks any basis in law or fact.

### *Arrest affidavit*

Simek next argues his constitutional rights were violated when he was sentenced to a crime based on insufficient evidence. Specifically, he complains that the arrest affidavit made in connection with his case lacks sufficient detail to prove the offense occurred in a drug-free zone.

The entry of a valid guilty plea "has the effect of admitting all material facts alleged in the formal criminal charge." *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986). Once the defendant enters a valid guilty plea in a bench trial, the State is no longer constitutionally

bound to prove guilt beyond a reasonable doubt. *Id*. "In fact, for federal due process, a plea of guilty is itself a conviction awaiting only determination of punishment." *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). However, in Texas, the State is statutorily required to support a guilty plea with evidence. *See* Tex. Code Crim. Proc. Ann. art 1.15 (West 2005). While a "plea of guilty is an admission of guilt of the offense charged," a conviction on such plea is not authorized "unless there is evidence offered to support such plea and the judgment to be entered." *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex. Crim. App. 1980) (op. on reh'g). "It is well settled that a judicial confession standing alone, is sufficient to sustain a conviction upon a guilty plea." *Id.* at 353 (citations omitted). In other words, "a judicial confession satisfies the State's burden under article 1.15." *Tijerina v. State*, 264 S.W.3d 320, 324 (Tex. App.—San Antonio 2008, no pet.) (citing *Dinnery*, 592 S.W.2d at 353).

In support of Simek's guilt, the State introduced into evidence a copy of his "Judicial Confession," in which Simek admitted that he possessed "a usable quantity of marihuana, in an amount of four ounces or more but less than five pounds," and that the offense "was committed in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning, namely: Miller Elementary School in Belton, Texas." By his written admission, and later oral admission before the court, Simek judicially confessed that he committed the offense in a drug-free zone. Simek argues that the arrest affidavit provides insufficient evidence to establish the drug-free zone enhancement. However, given his own judicial confession, the State has met the requirements of article 1.15. *See Tijerina*, 264 S.W.3d at 324 (affirming conviction despite contradicting evidence on key element in officer's offense report and judicial confession). For this and other reasons, any constitutional challenge based on the arrest affidavit lacks any basis in law or fact.

*Original judgment*

Simek also argues that his constitutional rights were violated because the original written judgment against him did not include the words "drug-free zone." Therefore, in his view, it was improper to treat his offense as a third-degree felony and sentence him accordingly.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written manifestation of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the court's written judgment differs from the court's oral pronouncement of sentence, the oral pronouncement controls. *Id.*

At the original plea hearing, the district court accepted Simek's plea and found him guilty of the third-degree felony of possession of marihuana over four ounces and less than five pounds in a drug-free zone and sentenced him to ten-years imprisonment, which would be probated upon the successful completion of Boot Camp. The court's written judgment does not state that the offense was committed in a drug-free zone, but describes it as a third-degree felony and notes the correct sentence. After Simek completed Boot Camp, the district court placed him on probation for five years. The written judgment stemming from that order correctly notes that the offense occurred in a drug-free zone. Likewise, the district court's written judgment revoking his probation, from which Simek appeals, properly indicates that the offense occurred in a drug-free zone.

Based on the record, the omission of the words "in a drug-free zone" in Simek's original judgment appears to be nothing more than a clerical error. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); *Mitchell v. State*, 942 S.W.2d 170, 174 (Tex. App.—Amarillo 1997, pet. ref'd). Thus, he was convicted of a third-degree felony, and there is no arguable merit to Simek's contention that his punishment should have been within the range of a state-jail felony.

To the extent that Simek seeks to modify the district court's original judgment, this Court lacks jurisdiction to do so.[1] Although we have jurisdiction to modify judgments, *see* Tex. R. App. P. 43.2, that jurisdiction is limited to the judgment from which the appellant has filed his notice of appeal—in this case, the judgment revoking Simek's community supervision. Because the judgment from which Simek appeals correctly describes his offense as occurring "in a drug-free zone," we have no need to modify that judgment.

Having addressed each of his points on this issue, we conclude that Simek's alleged Fifth Amendment violation lacks any basis in law or fact.

**Ineffective assistance**

In his second and third issues, Simek argues that his Sixth Amendment right to effective assistance of counsel was violated (a) when his original counsel instructed him to sign a plea agreement in which allegedly erroneous enhancements had been made; and (b) when his subsequent counsel failed to (1) file a motion to correct the original judgment against him and (2) prepare Simek for trial and review his PSI packet with him.

To establish that he received ineffective assistance of counsel, Simek must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

---

[1] A trial court may, by entry of a judgment nunc pro tunc order, correct clerical errors in a judgment or order at any time, even after the expiration of the court's plenary power. *See Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002). Accordingly, Simek's remedy, if any, would be to file a motion for judgment nunc pro tunc in the district court.

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

### Simek's original counsel

Simek's arguments against his original counsel stem from his flawed complaints addressed above. Specifically, he complains that counsel "allowed an enhancement paragraph to be added into the plea agreement that raised the charge [he] had been indicted for, from a state-jail felony, up to a third degree felony" and then instructed Simek to plea despite an absence of evidence in the arrest affidavit that the offense occurred in a drug-free zone.[2] As we have already explained, the record demonstrates that Simek's indictment contained the drug-free zone enhancement, that his judicial confession contained the same enhancement and satisfied the State's evidentiary burden, and that the trial court explained the charges against Simek and the drug-free zone enhancement increasing his crime from a state-felony to a third-degree felony. Simek misstates the record when he claims his counsel allowed the State to add in the enhancement paragraph without his knowledge.

Simek also argues that his plea was neither knowing or voluntary because his counsel failed to explain to him what a drug-free zone was, what evidence supported the State's allegation of a drug-free zone, and what effect it would have on his sentence. Simek claims he only signed the plea agreement because his counsel instructed him it was the only way he would receive probation.

The law is well settled that a guilty plea must be freely, knowingly, and voluntarily made. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Mitschke v. State*, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004). To successfully challenge the voluntariness of a guilty plea based on ineffective assistance of counsel, we must determine "(1) whether counsel's advice was within the

---

[2] While Simek makes reference to his prior argument concerning the lack of the enhancement language in his original judgment, he makes no argument connecting that point to this claim of ineffective assistance of counsel.

range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Strickland*, 466 U.S. at 697). Because it is dispositive, we need only address the second prong of the analysis.

Simek had the burden to develop facts and details necessary to show that but for counsel's failure to advise him of the consequences of her plea, he would not have pled guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 56. Allegations of ineffective assistance of counsel will only be sustained if they are firmly founded in the record. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Here, the record contains no evidence that, but for his counsel's failure to advise him of the consequences of his guilty plea, Simek would not have pled guilty and would have insisted on going to trial. For this and other reasons, Simek's complaints against his original counsel lack any basis in law or fact.

### Simek's second counsel

In his third issue, Simek claims that he received ineffective assistance from his second attorney because he (1) failed to file a motion to correct Simek's original judgment; and (2) did not properly prepare Simek for trial or review his PSI packet with him.

Simek's first complaint concerns the typographical error located in his original judgment, which we discussed previously. Simek's counsel pointed the error out to the trial court at the revocation hearing, but failed to file a motion to have the trial court correct the error prior to sentencing. Simek contends his counsel's failure to correct the error that he knew about was clearly deficient, thus satisfying *Strickland*'s first prong. He also contends the error prejudiced him because, he argues, if the error had been corrected, Simek would have been entitled to "a drastically

11

lower punishment range." As we discussed above, correcting the judgment's typographical error would merely conform it to Simek's judicial confession, his guilty plea, and the trial court's oral pronouncement of judgment. It would not reduce his offense to a state-jail felony. Accordingly, there is no arguable merit to Simek's claim that he was prejudiced by his counsel's alleged inaction.

Simek also complains that he was unable to "communicate with his attorney before trial," "see the results of his PSI packet, or prepare for trial at all period." As a result, Simek contends, counsel's assistance was ineffective because he was unable to make informed decisions. Because Simek did not raise these issues at the trial court level, the only evidence in the record concerning counsel's performance is the reporter's record from the revocation and sentencing hearings. *See Pena–Mota v. State*, 986 S.W.2d 341, 346 (Tex. App.—Waco 1999, no pet.) (noting "[w]ithout testimony by trial counsel," appellate court cannot "meaningfully address" appellant's allegations of ineffective assistance).

At the revocation hearing, Simek stated he understood the proceedings and was freely and voluntarily pleading true to the allegations against him. His counsel agreed with his plea of true. His counsel appeared knowledgeable about the case, though he acknowledged some confusion about the exact circumstances of the plea Simek entered into while represented by his original attorney. At the sentencing hearing, counsel provided a thorough examination of Simek and his girlfriend and offered convincing argument on his behalf. On this record, we cannot say Simek has established that counsel's performance was deficient or that his performance prejudiced Simek.

To the extent Simek complains about his inability to review the PSI packet or discuss it with counsel prior to sentencing, this argument was waived because it was not raised to the trial court by a timely objection. *See* Tex. R. App. P. 33.1(a). Even if preserved, however, this complaint would be frivolous. *See Torrance v. State*, 59 S.W.3d 275, 277 (Tex. App.—Fort Worth

12

2001, pet. ref'd) ("We find no case law supporting Appellant's claim that he was personally entitled to read the PSI in order to instruct his attorney to make specific objections."). For these and other reasons, Simek's third issue lacks any basis in law or fact.

**Sentencing issues**

In his fourth issue, Simek argues that the trial court abused its discretion by sentencing him to six years' imprisonment despite Simek's contention that he should have been punished for a state-jail felony with a maximum two-year sentence. In general, when the sentence imposed is within the statutory guidelines, the trial court has a great deal of discretion in sentencing, and the sentence will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As long as the trial court that assessed punishment had some evidence or facts before it, its decision should be upheld. *Huynh v. State*, 833 S.W.2d 636, 640 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (citing *Jackson*, 680 S.W.2d at 814).

Simek was sentenced to six years' imprisonment for the third-degree felony of possession of marihuana in an amount of more than four ounces but less than five pounds in a drug-free zone. *See* Tex. Health & Safety Code Ann. §§ 481.121(b)(3) (describing offense as state-jail felony), .134 (elevating state-jail felony to third degree felony when offense occurs in drug-free zone); Tex. Penal Code Ann. § 12.34 (West 2011) (setting punishment at not more than ten years or less than two for third-degree felony). Simek argues the sentence is "void" because it was based on an invalid indictment, insufficient evidence, and an error in the original judgment, as discussed above. We have already explained how Simek admitted to, pled guilty to, and was adjudicated guilty of a third-degree felony, not a state-jail felony. Since the district court had before it Simek's judicial admission, the facts contained in the PSI report, as well as Simek's testimony, the district court did

13

not abuse its discretion in imposing a sentence that is, as discussed above, well within the statutory guidelines. Accordingly, Simek's fourth issue lacks any basis in law or fact.

In his fifth issue, Simek argues his Eight Amendment rights were violated by both his six-year sentence, and by the requirement that he serve a mandatory five calendar years on the six-year sentence. To preserve alleged error related to excessive punishment, a defendant must have made a timely request, objection, or motion in the trial court. *See* Tex. R. App. P. 33.1(a); *Casteneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Simek did not object to his sentence when it was pronounced, did not file a motion for new trial raising the excessive punishment issue, and has not argued that such objection was unnecessary, and thus has waived any complaint. Even if error were preserved, punishment that is within the statutory range is not cruel, unusual, or excessive. *Poe v. State*, 513 S.W.2d 545, 548 (Tex. Crim. App. 1974). Simek's six-year sentence is within the statutorily permissible punishment range for his offense. *See* Tex. Penal Code Ann. § 12.34. For this and other reasons, Simek's argument that the court imposed an excessive sentence lacks any basis in law or fact.

Simek also challenges the requirement that he serve a statutorily-mandated five-years of his sentence before he is eligible for parole. *See* Tex. Gov't Code Ann. § 508.145(e) (West 2012). "A prisoner has no constitutional right to be released before the expiration of his sentence." *May v. Texas Bd. of Pardons and Paroles*, No. H-09-0744, 2009 U.S. Dist. LEXIS 64085, at *3 (S.D. Tex. July 21, 2009), *aff'd*, 370 Fed. App'x 550 (5th Cir. 2010) (dismissing challenge to section 508.145(e)) (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979)); *see also Cain v. Texas Bd. of Pardons and Paroles*, 104 S.W.3d 215, 218 (Tex. App.—Austin 2003, no pet.) (denying challenge to validity of parole board regulations and

noting "parole is a privilege, not a right").  For these and other reasons, Simek's fifth issue lacks any basis in law or fact.

## CONCLUSION

Having reviewed the record, counsel's brief, and Simek's *pro se* brief, we agree with counsel that the appeal is wholly frivolous.  *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. Counsel's motion to withdraw is granted.  We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 22, 2012

Do Not Publish