# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00106-CV

**Shane Cain, Appellant**

**v.**

**Texas Board of Pardons and Paroles, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN103820, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

Appellant Shane Cain, an inmate incarcerated by the Texas Department of Criminal Justice-Institutional Division, filed a lawsuit seeking a declaratory judgment against appellee, the Texas Board of Pardons and Paroles (Athe Board@). *See* Tex. Gov=t Code Ann. ' 2001.038 (West 2000) (authorizing challenge to agency=s rules to be brought in suit for declaratory judgment). Cain is apparently incarcerated under multiple judgments of conviction that run consecutively.[1] By his suit, Cain sought to challenge the validity and applicability of rules used by the Board to determine when an inmate serving consecutive

---

[1] Cain does not provide any information as to how many sentences he is serving, but his complaints are related to Board rules governing parole eligibility for inmates serving multiple consecutive sentences, and the Board states in its brief and in documents filed before the trial court that Cain is Aserving numerous consecutive sentences.@

sentences is eligible for parole, contending that although the government code sets a specific, non-discretionary date for parole eligibility, the Board=s rules have Aturned this date into a discretionary date to be determined by a parole panel,@ thereby exceeding its statutory authority. The Board filed a motion to dismiss Cain=s suit, contending that Cain=s claims were frivolous and that he had not complied with the procedural requirements of chapter 14 of the civil practice and remedies code, which governs *in forma pauperis* inmate litigation.[2]  *See* Tex. Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (West 2002). Specifically, the Board argued that Cain=s lawsuit lacked an arguable basis in law and that Cain had not filed the required affidavit describing his previous lawsuits, attempted to use the grievance system, or filed a certified copy of his trust account statement.  *See id.* '' 14.003(b)(2), .004, .005(a), .006(f); Tex. Gov=t Code Ann. ' 501.008 (West 1998).  The trial court signed an order dismissing Cain=s lawsuit with

---

[2] Chapter 14 of the civil practice and remedies code governs most lawsuits brought by an inmate in which the inmate files an affidavit or declaration of an inability to pay costs.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002 (West 2002).  A trial court may dismiss an inmate=s lawsuit if the court finds that (1) the claim is frivolous or malicious, (2) the inmate=s allegation of poverty is false, or (3) the inmate knowingly filed a false affidavit or unsworn declaration required by chapter 14.  *Id.* ' 14.003(a) (West 2002).  In determining whether a claim is frivolous or malicious, a trial court may consider the claim=s realistic chance of success, whether it has an arguable basis in law or in fact, whether the inmate will be able to prove supporting facts, or whether the claim is substantially similar to other claims previously filed by the inmate. *Id.* ' 14.003(b).

prejudice as frivolous and additionally because Cain had not exhausted his administrative remedies or filed a certified copy of his trust account statement. Tex. Civ. Prac. & Rem. Code Ann. '' 14.005(a), .006(f). Cain appeals, arguing that his claims did not lack an arguable basis in law and that he complied with the relevant portions of chapter 14. We will affirm the trial court=s judgment dismissing Cain=s suit.

The Board is vested with the power and duty to determine whether and when an inmate should be released on parole, conditions of parole, which parolees should be released from supervision, and whether parole should be continued, modified, or revoked. Tex. Gov=t Code Ann. ' 508.044(b) (West Supp. 2003). The Board Amay adopt reasonable rules@ related to parole eligibility, the conduct of a parole hearing, or parole conditions. *Id.* ' 508.044(d). The Board is also to develop guidelines on which to base parole decisions. *Id.* ' 508.144(a) (West 1998).

An inmate not sentenced to death or a life term and not convicted of particular enumerated offenses is eligible for parole Awhen the inmate=s actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less.@ *Id.* ' 508.145(f) (West Supp. 2003). Once an inmate reaches that point, he or she is *eligible* for parole consideration; section 508.145(f), however, does not mandate that the inmate *be released* on parole. When the inmate accrues sufficient time-served credit, the Board determines whether to grant or deny parole. *See id.* ' 508.044(b). When an inmate is sentenced to consecutive felony sentences, Aa parole panel shall designate during each sentence the date, if any, the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.@ *Id.* ' 508.150(a) (West 1998). Other than the last of multiple sentences, one of a series of sentences ceases to operate either when the actual time served equals the sentenced imposed or on

3

the designated date on which the inmate would have been eligible for release on parole had he or she been sentenced to a single sentence. *Id.* ' 508.150(b). An inmate serving consecutive sentences is only eligible for parole after the date of eligibility for release from the last sentence imposed, and the Board may not Aconsider consecutive sentences as a single sentence for purposes of parole.@ *Id.* ' 508.150(c).

Title 37 of the Texas Administrative Code contains rules promulgated by the Board. *See* 37 Tex. Admin. Code '' 141.1-150.56 (2002) (Public Safety & Corrections). Cain attacks sections 141.111(15) and (16) and 145.13(c)(2) and (3), arguing that section 508.145(f) of the government code gives him Athe right to be >eligible for release on parole= on a specific and non-discretionary date,@ and that the rules have turned that specific date Ainto a discretionary date to be determined by a parole panel,@ thus exceeding the Board=s authority.

Section 141.111 is titled, ADefinitions.@ The relevant portions read as follows:

(15) CU/FICConsecutive felony sentence vote that designates the date on which the prisoner would have been eligible for release on parole if the prisoner had been sentenced to serve a single sentence. This is not a release to parole vote.

(16) CU/NRCConsecutive felony sentence vote to deny favorable parole action and set for review on a future specific month and year (set-off).

*Id.* ' 141.111 (2002). Section 141.111 does not direct or authorize the Board to *do* anything; it merely defines abbreviations and terms used in other sections of the administrative code. *Id*. Because it does not authorize any action, Cain=s complaint that section 141.111 exceeds the Board=s authority is misplaced. The trial court did not err in finding that Cain=s suit as it relates to section 141.111 is without merit.

Cain next attacks subsections (2) and (3) of section 145.13(c), contending that by those subsections, the Board has exceeded its authority by taking it upon itself to "vote" to determine dates of parole eligibility. Section 145.13(c) provides that if a parole panel has before it a "pre-final consecutive felony sentencing case," it may (1) defer a decision for more information; (2) vote "CU/NR," deny favorable parole action, and set it for future review within three years; or (3) vote "CU/FI" and designate the date within the next three years on which the inmate would have been eligible for parole if he was serving only one sentence. *Id.* ' 145.13(c) (2002). When the case is the last in a series of consecutive sentences, a parole panel shall review the case as if the inmate had been sentenced to a single sentence. *Id*.

Cain contends that chapter 508 of the government code establishes mandatory dates upon which inmates become eligible for parole; however, parole is a privilege not a right to which an inmate is entitled once he or she accrues a set amount of time-served credit. *Id.* ' 145.3(1) (2002). The Board may deny parole even after an inmate serving a single sentence has earned enough credit to be eligible for parole review. *Id*. ' 145.12(2), (3) (2002). Section 508.145(f) of the government code provides that an inmate serving a single sentence generally is eligible for parole after accruing credit for one-quarter of his sentence. Tex. Gov=t Code Ann. ' 508.145(f). This does not mean that the inmate is automatically entitled to be released on parole; instead, he is entitled to a review to determine whether he will in fact be released. *See* 37 Tex. Admin. Code ' 145.3(2). In other words, section 508.145(f) does not mandate *when* an inmate is to be released on parole, it merely states the earliest date on which he *may* be released. *See* Tex. Gov=t Code Ann. ' 508.145(f).

Under section 508.150, an inmate serving consecutive sentences is entitled to a similar review to determine whether he would have been released on parole had he only been sentenced to the

5

term under consideration. *Id.* ' 508.150; *see also Ex parte Kuester*, 21 S.W.3d 264, 270 (Tex. Crim. App. 2000) (AIn order for his sentence to cease to operate, a parole panel must designate the date that the inmate was approved for parole and would have been released to parole but for the second consecutive sentence.@). Only after the inmate has served or earned the right to parole on each of his sentences, including his final sentence, is he eligible for *actual release* on parole. Tex. Gov=t Code Ann. ' 508.150(b), (c); 37 Tex. Admin. Code ' 145.4 (2002); *Kuester*, 21 S.W.3d at 270. Section 145.13(c) allows the Board to review an inmate=s sentence and determine, whether and when, had he been serving only one sentence, he would have been released or denied parole and set for future reconsideration. 37 Tex. Admin. Code ' 145.13(c)(2), (3). In other words, when an inmate is serving a non-final consecutive sentence, he may be reviewed for parole consideration and, if the Board determines that he would have been a candidate for release had he been serving only one sentence, the Board should set the date on which he would have become eligible, *id.* ' 145.13(c)(3); if the Board finds he would not have been released even if he had been serving a single sentence, it may decline to determine an eligibility date and set the case for further review in the future. *Id.* ' 145.13(c)(2). Those actions are all within the Board=s statutorily granted powers. *See* Tex. Gov=t Code Ann. ' 508.044. Section 508.150(c)(1) specifically disavows the approach advocated by Cain when it states that the Board may not treat an inmate=s consecutive sentences as a single sentence in determining parole eligibility. *Id.* ' 508.150(c)(1). The trial court did not err in dismissing Cain=s claims related to section 145.13.

Having determined that the trial court properly dismissed Cain=s lawsuit as lacking an arguable basis in law, we need not determine whether Cain failed to comply with sections 14.004, 14.005, or 14.006. We affirm the trial court=s judgment dismissing Cain=s suit with prejudice.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   April 3, 2003