# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-20515
Summary Calendar

RONALD CHARLES MAY,

Plaintiff-Appellant

v.

TEXAS BOARD OF PARDONS & PAROLES, in his/her individual and/or official capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-744

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronald Charles May, Texas prisoner # 1510892, was convicted of possession of a controlled substance in a drug-free zone. In the instant 42 U.S.C. § 1983 civil rights complaint, May alleged that the Texas Board of Pardons and Paroles violated his constitutional rights by determining that he is not eligible for parole or mandatory release. The district court determined that May had not stated a claim as required by 28 U.S.C. § 1915A(b)(1) and dismissed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint. May argues, inter alia, that he is eligible for good time credits, parole, and mandatory supervised release, and that it is unconstitutional to deprive him of these rights.

A prisoner's civil rights complaint should be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1). This court reviews de novo a district court's § 1915A dismissal for failure to state a claim. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Although pro se briefs are liberally construed, arguments that are inadequately briefed are considered abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). May's argument is conclusional and does not address the district court's decision that under TEX. HEALTH & SAFETY CODE ANN. § 481.134 (Vernon 2008), and TEX. GOV'T CODE ANN. §§ 508.145(e), 508.149(a)(14) (Vernon 2008), May is not eligible for mandatory supervision and will not be eligible for parole consideration before serving his sentence. Moreover, as the district court concluded, May is essentially challenging the terms of his sentence and his conviction under the Texas drug-free zone statutory scheme. He thus is seeking a speedier release from custody. No prisoner has a constitutional right to be released before the expiration of his sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). A challenge to the terms of imprisonment is properly brought in a 28 U.S.C. § 2254 proceeding and is not cognizable in § 1983 proceedings. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

May's appeal is without arguable merit. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore dismissed as frivolous. 5TH CIR. R. 42.2. The district court's dismissal counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). May has one prior strike. *See May v. UTMB Medical Branch*, No. H-08-31062 (S.D. Tex. 2008). Because May

has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.