TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00103-CR






Cory Don Simek, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 60985, HONORABLE JOE CARROLL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal pursuant to Anders v. California, 386 U.S. 738 (1967). In 2007,
appellant Cory Don Simek pled guilty to possession of marihuana over four ounces, under
five pounds. Because the offense occurred in a drug-free zone, the crime was elevated from a state-jail felony to a third-degree felony. He was sentenced to ten years' imprisonment but placed on
probation for five years. After being charged with several misdemeanors, the State moved to revoke
Simek's probation. The district court accepted Simek's plea of true to the allegations and sentenced
him to six years' imprisonment. We will affirm the judgment of the district court.


BACKGROUND

 On April 11, 2007, Simek was charged by indictment with possession of marihuana
over four ounces, under five pounds in a drug-free zone, a third-degree felony. See Tex. Health &
Safety Code Ann. §§ 481.121(b)(3), .134(d) (West 2010 & West Supp. 2012) (increasing state-felony to third-degree felony if offense is committed in drug-free zone). His indictment contained
an enhancement paragraph, alleging that Simek had been previously convicted in August 2006 of
possession of marihuana over four ounces but under five pounds. Simek's judicial confession was
admitted into evidence. Simek signed the sworn confession, which was also signed by his lawyer,
and approved by the district court and the State. The confession read as follows:


 FIRST PARAGRAPH


 [Simek] did then and there knowingly and intentionally possess a usable quantity of
marihuana, in an amount of four ounces or more but less than five pounds; [sic] 


 And it is further presented in and to said court that the offense alleged herein
was committed on, or within 1,000 feet of premises owned, rented or leased by an
institution of higher learning, namely: Miller Heights Elementary School in Belton,
Texas."



 Below these lines, a second section entitled "SECOND PARAGRAPH," concerning
the prior conviction was crossed out with a notation that it is "waived and abandoned." After the
State removed that enhancement paragraph, the court questioned Simek:


 Q: All right. All right. That case will--that paragraph will be abandoned. So,
you are just charged with the third-degree felony contained in the First
Paragraph. Do you understand?


 A: Yes, sir.



The court then asked for Simek's verbal plea:



 Q: All right. I will accept your waivers of your rights, Mr. Simek. And the
possession of marijuana over four ounces, less than five pounds, and also
with regard to the 1,000 feet of the school, the drug-free zone, are you
pleading "guilty" or "not guilty"?


 A: Guilty, Your Honor.


As the State recommended, the district court sentenced Simek to ten years' imprisonment in
the Texas Department of Criminal Justice--Institutional Division (TDCJ-ID), and ordered him to
attend TDCJ-ID's Special Alterative Incarceration Program ("Boot Camp"). After he successfully
completed Boot Camp, the district court placed Simek on probation for five years.

 In 2008, the State first moved to revoke Simek's probation alleging that he committed
a new felony offense--possession of cocaine in an amount of less than one gram--and a new
misdemeanor offense--possession of marihuana in an amount less than two ounces, and violated the
terms of his probation. See Tex. Health & Safety Code Ann. §§ 481.115(b), .121(b)(1) (West 2010).
The State later withdrew its motion to revoke, permitted Simek to serve nine months in state jail, and
otherwise continued his probation.

 In October 2011, the State filed a second motion to revoke, this time alleging that
Simek had twice been charged with driving while his license was suspended--a misdemeanor--and
once charged with public intoxication--also a misdemeanor--and consuming alcoholic beverages
in violation of his probation. At the revocation hearing, Simek pled true to the State's allegations.
At the subsequent sentencing hearing, the district court heard evidence on punishment, and sentenced
Simek to six years in TDCJ-ID. This appeal followed.


ANALYSIS

 Simek's court-appointed attorney has filed a motion to withdraw supported by a
brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced. See 386 U.S. at 744-45; see also High v. State, 573 S.W.2d
807, 810-11 (Tex. Crim. App. 1978). Simek was mailed a copy of counsel's brief and advised of
his right to examine the appellate record and to file a pro se brief.

 Simek filed his pro se brief contending that: (1) his Fifth Amendment rights were
violated when he was sentenced to punishment for an offense with an enhancement paragraph he
contends was not present in his indictment, not proven in the arrest affidavit, and not shown in
the original judgment; (2) he received ineffective assistance of counsel both (a) when his original
attorney instructed him to sign a plea agreement containing the allegedly inappropriate enhancement
and (b) when his subsequent attorney failed to correct the error in his judgment and sentencing
and failed to prepare him for trial or review his Pre-Sentence Investigation (PSI) packet with him;
(3) the district court abused its discretion in sentencing him based on the allegedly inappropriate
enhancement paragraph; and (4) the district court's sentence violated the Eighth Amendment.

 Before granting counsel's motion to withdraw in an Anders appeal, an appellate court
must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly
frivolous." Anders, 386 U.S. at 744. "The terms 'wholly frivolous' and 'without merit' are often
used interchangeably in the Anders-brief context." McCoy v. Court of Appeals, 486 U.S. 429, 438
n.10 (1988). "Whatever term is used to describe the conclusion . . . the court must reach before
granting [counsel's] request [to withdraw], what is required is a determination that the appeal lacks
any basis in law or fact." Id.

 The court of criminal appeals has further explained the analytical procedure in Anders
appeals as follows:


 When faced with an Anders brief and if a later pro se brief is filed, the court of
appeals has two choices. It may determine that the appeal is wholly frivolous and
issue an opinion explaining that it has reviewed the record and finds no reversible
error. Or, it may determine that arguable grounds for appeal exist and remand the
cause to the trial court so that new counsel may be appointed to brief the issues.



Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing Anders, 386 U.S. at 744;
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Although an appellate court is
not required to do so, "when a court of appeals finds no issues of arguable merit in an Anders brief,
it may explain why the issues have no arguable merit." Garner v. State, 300 S.W.3d 763, 764
(Tex. Crim. App. 2009); see Bledsoe, 178 S.W.3d at 827.


Fifth Amendment

 In his first issue, Simek argues that his constitutional rights under the
Fifth Amendment were violated when he was sentenced to punishment for an offense with an
enhancement paragraph that was allegedly not present in his indictment, not proven in the arrest
affidavit, and not shown in the original judgment.


 Simek's indictment

 Simek asserts that his indictment did not reference that his offense was committed
in a drug-free zone, thus, in his view, the district court violated his constitutional rights by utilizing
the drug-free zone enhancement to increase his punishment from a state-felony to a third-degree
felony. Simek did not raise any alleged defects of form or substance in the indictment to the
trial court, and thus, has not preserved error for review. See Tex. Code Crim. Proc. Ann. art 1.14(b)
(West 2005); Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990); see also Tex. R. App.
P. 33.1(a). Because Simek did not timely assert his due process and notice complaints by raising
them for first time on appeal, they could not arguably form the basis for reversal on appeal.

 But even if this issue had been properly preserved, it would still lack arguable merit.
Simek's argument, and indeed the majority of his appeal, rests on a faulty premise. When Simek
describes his allegedly deficient "indictment," he in fact refers to a document titled "Precept to Serve
Copy of Indictment." This document commands the Sheriff of Bell County to deliver to Simek "the
accompanying certified Copy of Indictment," and evidences the sheriff's signed return following
delivery as required by the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 25.01,
art. 25.02 (West 2009). By its clear terms, this document is not Simek's indictment. While this
document does not reference the drug-free zone enhancement, this omission is of no legal
consequence. Simek's actual indictment describes his offense as occurring in a drug-free zone and
includes a paragraph detailing the drug-zone enhancement.

 Simek acknowledges his actual indictment, but asserts first, that it was not fully filled
out, and second, that he was never properly served with it. As to the first point, contrary to Simek's
assertion, his indictment contains all the information that is required. See id. art 21.02 (detailing
requisites of indictment). The alleged omissions would not suffice to sustain a constitutional
challenge to an otherwise valid indictment. As to his second point, Simek claims that he was never
served with a copy of his indictment, rather he received only the sheriff's precept. As already
mentioned, Simek has waived this argument by failing to present it to the trial court. See Alexander
v. State, 137 S.W.3d 127, 131 (Tex. App.--Houston [1st Dist.] 2004, no pet.). Simek has raised no
arguable issues concerning the form, substance, or delivery of his indictment. For this and other
reasons, any constitutional challenge based on Simek's indictment lacks any basis in law or fact.


 Arrest affidavit

 Simek next argues his constitutional rights were violated when he was sentenced to
a crime based on insufficient evidence. Specifically, he complains that the arrest affidavit made in
connection with his case lacks sufficient detail to prove the offense occurred in a drug-free zone.

 The entry of a valid guilty plea "has the effect of admitting all material facts alleged
in the formal criminal charge." Ex parte Williams, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986).
Once the defendant enters a valid guilty plea in a bench trial, the State is no longer constitutionally
bound to prove guilt beyond a reasonable doubt. Id. "In fact, for federal due process, a plea of guilty
is itself a conviction awaiting only determination of punishment." McGill v. State, 200 S.W.3d 325,
330 (Tex. App.--Dallas 2006, no pet.) (citing Boykin v. Alabama, 395 U.S. 238, 242 (1969)).
However, in Texas, the State is statutorily required to support a guilty plea with evidence. See
Tex. Code Crim. Proc. Ann. art 1.15 (West 2005). While a "plea of guilty is an admission of guilt
of the offense charged," a conviction on such plea is not authorized "unless there is evidence
offered to support such plea and the judgment to be entered." Dinnery v. State, 592 S.W.2d 343, 351
(Tex. Crim. App. 1980) (op. on reh'g). "It is well settled that a judicial confession standing alone,
is sufficient to sustain a conviction upon a guilty plea." Id. at 353 (citations omitted). In other
words, "a judicial confession satisfies the State's burden under article 1.15." Tijerina v. State,
264 S.W.3d 320, 324 (Tex. App.--San Antonio 2008, no pet.) (citing Dinnery, 592 S.W.2d at 353).

 In support of Simek's guilt, the State introduced into evidence a copy of his "Judicial
Confession," in which Simek admitted that he possessed "a usable quantity of marihuana, in an
amount of four ounces or more but less than five pounds," and that the offense "was committed in,
on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning,
namely: Miller Elementary School in Belton, Texas." By his written admission, and later oral
admission before the court, Simek judicially confessed that he committed the offense in a drug-free
zone. Simek argues that the arrest affidavit provides insufficient evidence to establish the drug-free
zone enhancement. However, given his own judicial confession, the State has met the requirements
of article 1.15. See Tijerina, 264 S.W.3d at 324 (affirming conviction despite contradicting evidence
on key element in officer's offense report and judicial confession). For this and other reasons, any
constitutional challenge based on the arrest affidavit lacks any basis in law or fact.



 Original judgment

 Simek also argues that his constitutional rights were violated because the original
written judgment against him did not include the words "drug-free zone." Therefore, in his view,
it was improper to treat his offense as a third-degree felony and sentence him accordingly.

 A trial court's pronouncement of sentence is oral, while the judgment, including the
sentence assessed, is merely the written manifestation of that oral pronouncement. Taylor v. State,
131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the court's written judgment differs from the
court's oral pronouncement of sentence, the oral pronouncement controls. Id.

 At the original plea hearing, the district court accepted Simek's plea and found
him guilty of the third-degree felony of possession of marihuana over four ounces and less than
five pounds in a drug-free zone and sentenced him to ten-years imprisonment, which would be
probated upon the successful completion of Boot Camp. The court's written judgment does not
state that the offense was committed in a drug-free zone, but describes it as a third-degree felony
and notes the correct sentence. After Simek completed Boot Camp, the district court placed
him on probation for five years. The written judgment stemming from that order correctly notes
that the offense occurred in a drug-free zone. Likewise, the district court's written judgment
revoking his probation, from which Simek appeals, properly indicates that the offense occurred in
a drug-free zone.

 Based on the record, the omission of the words "in a drug-free zone" in Simek's
original judgment appears to be nothing more than a clerical error. See Ex parte Poe, 751 S.W.2d
873, 876 (Tex. Crim. App. 1988); Mitchell v. State, 942 S.W.2d 170, 174 (Tex. App.--Amarillo
1997, pet. ref'd). Thus, he was convicted of a third-degree felony, and there is no arguable merit to
Simek's contention that his punishment should have been within the range of a state-jail felony.

 To the extent that Simek seeks to modify the district court's original judgment, this
Court lacks jurisdiction to do so. (1) Although we have jurisdiction to modify judgments, see Tex. R.
App. P. 43.2, that jurisdiction is limited to the judgment from which the appellant has filed his
notice of appeal--in this case, the judgment revoking Simek's community supervision. Because the
judgment from which Simek appeals correctly describes his offense as occurring "in a drug-free
zone," we have no need to modify that judgment.

 Having addressed each of his points on this issue, we conclude that Simek's alleged
Fifth Amendment violation lacks any basis in law or fact.


Ineffective assistance

 In his second and third issues, Simek argues that his Sixth Amendment right to
effective assistance of counsel was violated (a) when his original counsel instructed him to sign a
plea agreement in which allegedly erroneous enhancements had been made; and (b) when his
subsequent counsel failed to (1) file a motion to correct the original judgment against him and
(2) prepare Simek for trial and review his PSI packet with him.

 To establish that he received ineffective assistance of counsel, Simek must show that
(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a
reasonable probability that, but for counsel's error, the result of the proceeding would have been
different. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Thus, the "benchmark for
judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as having produced a just
result." Id. at 686.


 Simek's original counsel

 Simek's arguments against his original counsel stem from his flawed complaints
addressed above. Specifically, he complains that counsel "allowed an enhancement paragraph to be
added into the plea agreement that raised the charge [he] had been indicted for, from a state-jail
felony, up to a third degree felony" and then instructed Simek to plea despite an absence of evidence
in the arrest affidavit that the offense occurred in a drug-free zone. (2) As we have already explained,
the record demonstrates that Simek's indictment contained the drug-free zone enhancement, that
his judicial confession contained the same enhancement and satisfied the State's evidentiary burden,
and that the trial court explained the charges against Simek and the drug-free zone enhancement
increasing his crime from a state-felony to a third-degree felony. Simek misstates the record when
he claims his counsel allowed the State to add in the enhancement paragraph without his knowledge. 

 Simek also argues that his plea was neither knowing or voluntary because his counsel
failed to explain to him what a drug-free zone was, what evidence supported the State's allegation
of a drug-free zone, and what effect it would have on his sentence. Simek claims he only signed the
plea agreement because his counsel instructed him it was the only way he would receive probation.

 The law is well settled that a guilty plea must be freely, knowingly, and voluntarily
made. Brady v. United States, 397 U.S. 742, 748 (1970); Mitschke v. State, 129 S.W.3d 130, 132
(Tex. Crim. App. 2004). To successfully challenge the voluntariness of a guilty plea based on
ineffective assistance of counsel, we must determine "(1) whether counsel's advice was within the
range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a
reasonable probability that, but for counsel's errors, he would not have pled guilty and would have
insisted on going to trial." Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing
Hill v. Lockhart, 474 U.S. 52, 56 (1985); Strickland, 466 U.S. at 697). Because it is dispositive, we
need only address the second prong of the analysis.

 Simek had the burden to develop facts and details necessary to show that but
for counsel's failure to advise him of the consequences of her plea, he would not have pled
guilty and would have insisted on going to trial. See Hill, 474 U.S. at 56. Allegations of
ineffective assistance of counsel will only be sustained if they are firmly founded in the record.
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Here, the record contains no
evidence that, but for his counsel's failure to advise him of the consequences of his guilty plea,
Simek would not have pled guilty and would have insisted on going to trial. For this and other
reasons, Simek's complaints against his original counsel lack any basis in law or fact.


 Simek's second counsel

 In his third issue, Simek claims that he received ineffective assistance from his second
attorney because he (1) failed to file a motion to correct Simek's original judgment; and (2) did not
properly prepare Simek for trial or review his PSI packet with him.

 Simek's first complaint concerns the typographical error located in his original
judgment, which we discussed previously. Simek's counsel pointed the error out to the trial court
at the revocation hearing, but failed to file a motion to have the trial court correct the error prior
to sentencing. Simek contends his counsel's failure to correct the error that he knew about was
clearly deficient, thus satisfying Strickland's first prong. He also contends the error prejudiced him
because, he argues, if the error had been corrected, Simek would have been entitled to "a drastically
lower punishment range." As we discussed above, correcting the judgment's typographical error
would merely conform it to Simek's judicial confession, his guilty plea, and the trial court's oral
pronouncement of judgment. It would not reduce his offense to a state-jail felony. Accordingly,
there is no arguable merit to Simek's claim that he was prejudiced by his counsel's alleged inaction.

 Simek also complains that he was unable to "communicate with his attorney
before trial," "see the results of his PSI packet, or prepare for trial at all period." As a result, Simek
contends, counsel's assistance was ineffective because he was unable to make informed decisions. 
Because Simek did not raise these issues at the trial court level, the only evidence in the record
concerning counsel's performance is the reporter's record from the revocation and sentencing
hearings. See Pena-Mota v. State, 986 S.W.2d 341, 346 (Tex. App.--Waco 1999, no pet.) (noting
"[w]ithout testimony by trial counsel," appellate court cannot "meaningfully address" appellant's
allegations of ineffective assistance).

 At the revocation hearing, Simek stated he understood the proceedings and was freely
and voluntarily pleading true to the allegations against him. His counsel agreed with his plea of true.
His counsel appeared knowledgeable about the case, though he acknowledged some confusion about
the exact circumstances of the plea Simek entered into while represented by his original attorney.
At the sentencing hearing, counsel provided a thorough examination of Simek and his girlfriend and
offered convincing argument on his behalf. On this record, we cannot say Simek has established that
counsel's performance was deficient or that his performance prejudiced Simek.

 To the extent Simek complains about his inability to review the PSI packet or
discuss it with counsel prior to sentencing, this argument was waived because it was not raised to
the trial court by a timely objection. See Tex. R. App. P. 33.1(a). Even if preserved, however, this
complaint would be frivolous. See Torrance v. State, 59 S.W.3d 275, 277 (Tex. App.--Fort Worth
2001, pet. ref'd) ("We find no case law supporting Appellant's claim that he was personally entitled
to read the PSI in order to instruct his attorney to make specific objections."). For these and other
reasons, Simek's third issue lacks any basis in law or fact.


Sentencing issues

 In his fourth issue, Simek argues that the trial court abused its discretion by
sentencing him to six years' imprisonment despite Simek's contention that he should have been
punished for a state-jail felony with a maximum two-year sentence. In general, when the sentence
imposed is within the statutory guidelines, the trial court has a great deal of discretion in sentencing,
and the sentence will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim.
App. 1984). As long as the trial court that assessed punishment had some evidence or facts before
it, its decision should be upheld. Huynh v. State, 833 S.W.2d 636, 640 (Tex. App.--Houston
[14th Dist.] 1992, no pet.) (citing Jackson, 680 S.W.2d at 814).

 Simek was sentenced to six years' imprisonment for the third-degree felony of
possession of marihuana in an amount of more than four ounces but less than five pounds in a drug-free zone. See Tex. Health & Safety Code Ann. §§ 481.121(b)(3) (describing offense as state-jail
felony), .134 (elevating state-jail felony to third degree felony when offense occurs in drug-free
zone); Tex. Penal Code Ann. § 12.34 (West 2011) (setting punishment at not more than ten years
or less than two for third-degree felony). Simek argues the sentence is "void" because it was based
on an invalid indictment, insufficient evidence, and an error in the original judgment, as discussed
above. We have already explained how Simek admitted to, pled guilty to, and was adjudicated guilty
of a third-degree felony, not a state-jail felony. Since the district court had before it Simek's judicial
admission, the facts contained in the PSI report, as well as Simek's testimony, the district court did
not abuse its discretion in imposing a sentence that is, as discussed above, well within the statutory
guidelines. Accordingly, Simek's fourth issue lacks any basis in law or fact.

 In his fifth issue, Simek argues his Eight Amendment rights were violated by both
his six-year sentence, and by the requirement that he serve a mandatory five calendar years on
the six-year sentence. To preserve alleged error related to excessive punishment, a defendant must
have made a timely request, objection, or motion in the trial court. See Tex. R. App. P. 33.1(a);
Casteneda v. State, 135 S.W.3d 719, 723 (Tex. App.--Dallas 2003, no pet.). Simek did not object
to his sentence when it was pronounced, did not file a motion for new trial raising the excessive
punishment issue, and has not argued that such objection was unnecessary, and thus has waived any
complaint. Even if error were preserved, punishment that is within the statutory range is not cruel,
unusual, or excessive. Poe v. State, 513 S.W.2d 545, 548 (Tex. Crim. App. 1974). Simek's six-year
sentence is within the statutorily permissible punishment range for his offense. See Tex. Penal Code
Ann. § 12.34. For this and other reasons, Simek's argument that the court imposed an excessive
sentence lacks any basis in law or fact.

 Simek also challenges the requirement that he serve a statutorily-mandated five-years
of his sentence before he is eligible for parole. See Tex. Gov't Code Ann. § 508.145(e) (West 2012).
"A prisoner has no constitutional right to be released before the expiration of his sentence."
May v. Texas Bd. of Pardons and Paroles, No. H-09-0744, 2009 U.S. Dist. LEXIS 64085, at *3
(S.D. Tex. July 21, 2009), aff'd, 370 Fed. App'x 550 (5th Cir. 2010) (dismissing challenge to
section 508.145(e)) (citing Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S.
1 (1979)); see also Cain v. Texas Bd. of Pardons and Paroles, 104 S.W.3d 215, 218
(Tex. App.--Austin 2003, no pet.) (denying challenge to validity of parole board regulations and
noting "parole is a privilege, not a right"). For these and other reasons, Simek's fifth issue lacks any
basis in law or fact.


CONCLUSION Having reviewed the record, counsel's brief, and Simek's pro se brief, we agree with
counsel that the appeal is wholly frivolous. See Garner, 300 S.W.3d at 766; Bledsoe, 178 S.W.3d
at 826-27. Counsel's motion to withdraw is granted. We affirm the judgment of the district court.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 22, 2012

Do Not Publish
1. A trial court may, by entry of a judgment nunc pro tunc order, correct clerical errors in a
judgment or order at any time, even after the expiration of the court's plenary power. See Ex parte
Donaldson, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002). Accordingly, Simek's remedy, if any,
would be to file a motion for judgment nunc pro tunc in the district court.
2. While Simek makes reference to his prior argument concerning the lack of the
enhancement language in his original judgment, he makes no argument connecting that point to this
claim of ineffective assistance of counsel.