Opinion issued February 25, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00413-CV

———————————

**JOHN HENRY BOYKIN, Appellant**

**V.**

**CYNTHIA TAUSS, LYNN RUZICKA,
AND FEDERICO RANGEL, Appellees**

---

**On Appeal from the 412th Judicial District Court
Brazoria County, Texas
Trial Court Case No. 81239-I**

---

## MEMORANDUM OPINION

John Henry Boykin challenges the trial court's dismissal of his lawsuit against Cynthia Tauss, Lynn Ruzicka, and Federico Rangel, members of the Texas Board of Paroles, for "knowingly violat[ing] his constitutional rights" by failing to grant him parole. Boykin contends the trial court abused its discretion in

dismissing his lawsuit because he satisfied the statutory requirements for eligibility for parole. *See* TEX. GOV'T CODE ANN. § 508.145(d)(1) (West Supp. 2015). We affirm.

## Background

Boykin was convicted of a "3g" felony offense and incarcerated.[1] After serving one-half of his prison sentence, Boykin was reviewed by a Texas Board of Pardons and Paroles panel. The panel decided not to grant parole due to (1) the nature of the offense for which Boykin was convicted and that it indicated a a "conscious disregard for the lives, safety, or property of others . . . ." and (2) Boykins' criminal history, which revealed "a pattern of similar offenses that indicates a predisposition to commit criminal acts when released."

After receiving the Board's decision, Boykin filed a pro se lawsuit, as an indigent inmate under Chapter 14 of the Civil Practice and Remedies Code, against the members of the Board in their individual capacities. He argued that his Eighth Amendment right to be free from cruel and unusual punishment was violated because the Parole Board wrongfully denied his parole release. According to Boykin, the statute governing his eligibility for parole requires that he be released

---

[1] The record before us does not indicate the crime for which Boykin is currently incarcerated. The designation "3g" includes murder, capital murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, and aggravated robbery. TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2015).

on parole. Boykin sought monetary relief in the amount of $100 per day for each day he remains incarcerated, starting from the day he became eligible for parole.

The trial court dismissed Boykin's cause of action as frivolous because the statute governing an inmate's eligibility for parole "is not mandatory and the alleged claims have no arguable basis in law or in fact." Boykin appeals the dismissal.

## Dismissal of an Action

Boykin's sole issue[2] is his contention that the trial court abused its discretion in dismissing his lawsuit because he met the statutory requirements governing his eligibility for parole. The Board responds that the lawsuit was properly dismissed because nothing in the statute requires the Board to grant a person parole even if he meets the statutory eligibility requirements.

### A.    Standard of review

Because Boykin filed this lawsuit as an indigent inmate, Chapter 14 of the Civil Practice and Remedies Code controls. A trial court may dismiss an action brought by an indigent inmate under Chapter 14 if it finds that the inmate's claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West

---

[2]    Boykin only lists this one issue in the "issues presented for appellate review" section of his brief. The "issues presented" section of a brief must list all of the issues that are present on appeal. TEX. R. APP. P. 38.1(f). Although we liberally construe pro se briefs, "we nonetheless require pro se litigants to comply with applicable laws and rules of procedure." *Woodard v. Fortress Ins. Co.*, No. 01-14-00792-CV, 2015 WL 1020193, at *1, n.1 (Tex. App.—Houston [1st Dist.] Mar. 5, 2015, pet. denied) (mem. op.). Thus, we only consider this single issue.

2002). In determining whether a claim is frivolous or malicious under Chapter 14, the court may consider whether "the claim has no arguable basis in law or in fact." *Id.* at §14.003(b)(2) (West 2002); *see Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990).

Ordinarily, we review a trial court's dismissal of a lawsuit as frivolous or malicious for an abuse of discretion. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). When a lawsuit is dismissed as frivolous for having no basis in law or fact, but the trial court does not hold an evidentiary hearing, we focus our review on whether the inmate's lawsuit has an arguable basis in law. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The question of whether the claim has an arguable basis in law is a legal question that we review de novo. *Hamilton*, 319 S.W.3d at 809.

## B.    Frivolous claim

Boykin's lawsuit is premised on his contention that the statute authorizing parole requires the Board to grant him parole upon completion of one-half of his sentence. This interpretation of the statute is erroneous.

The statute governing parole for "3g" crimes does not require that the Board grant the inmate parole at that first opportunity. *See* TEX. GOV'T CODE ANN.

§ 508.145(d)(1) ("An inmate serving a sentence for offense described by Section 3g . . . is not eligible for release on parole until the inmate's actual calendar time served . . . equals one-half of the sentence . . . ."). "[P]arole is a privilege not a right to which an inmate is entitled once he or she accrues a set amount of time-served credit." *Cain v. Tex. Bd. of Pardons and Paroles*, 104 S.W.3d 215, 218 (Tex. App.—Austin 2003, no pet.). "When the inmate accrues sufficient time-served credit, the Board determines whether to grant or deny parole." *Cain*, 104 S.W.3d at 217; *see* TEX. GOV'T CODE ANN. § 508.044(a)(1) (West 2012) ("Board members . . . shall determine which inmates are to be released on parole . . . ."); *Ex Parte Evans*, 338 S.W.3d 545, 552 (Tex. Crim. App. 2011) ("Under current law, the Board may deny release to an inmate, who is otherwise eligible for release" in certain circumstances).[3] Accordingly, the statute does not require that an inmate be released on parole, but merely states the earliest date on which he may be eligible for parole. *Cain*, 104 S.W.3d at 218.

Because Boykin's release on parole is not mandatory under the statute, Boykin's claim has no arguable basis in law. Therefore, the trial court's dismissal was not erroneous. *See Hamilton*, 319 S.W.3d at 813 (holding that when claim "relies upon an indisputably meritless legal theory," dismissal is proper under Chapter 14).

---

[3] Boykin does not argue that he falls under one of the other circumstances under the statute in which the Board is required to grant him parole.

We overrule Boykin's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Bland, Brown, and Lloyd.