# NO. 12-23-00287-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | *§* | *APPEAL FROM THE 3RD* |
| *OSCAR BUCKLEY,* | *§* | *JUDICIAL DISTRICT COURT* |
| *APPELLANT* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Oscar Buckley appeals the denial of his application for writ of habeas corpus. In one issue, Appellant argues that the trial court erred in denying his application, in which he contended that the thirty-year sentence he is serving on a murder conviction ceased to operate upon the subsequent imposition of a three-year, consecutive sentence for possession of a prohibited substance in a correctional facility. We affirm.

### BACKGROUND

Appellant, who is serving a thirty-year sentence for murder, was convicted of possession of a prohibited substance in a correctional facility for which he was sentenced to imprisonment for three years. The trial court ordered that Appellant's three-year sentence run consecutively to his thirty-year sentence.

Thereafter, proceeding pro se, Appellant filed an application for a writ of habeas corpus, by which he sought release from prison and a directive to the parole board declaring that his thirty-year sentence ceased to operate on the date of the imposition of his three-year, consecutive sentence. The trial court denied Appellant's application, and this appeal followed.

**DENIAL OF WRIT OF HABEAS CORPUS - TEXAS GOVERNMENT CODE, SECTION 508.150**

In his sole issue, Appellant argues that the trial court erred in denying his application for writ of habeas corpus.

**Standard of Review**

We review a ruling on an application for writ of habeas corpus for an abuse of discretion. ***Ex parte Garcia***, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). We decide whether a trial court abused its discretion by determining whether the court acted without reference to any guiding rules or principles, or in other words, whether the court acted arbitrarily or unreasonably. *See **Ex parte Wolf***, 296 S.W.3d 160, 166 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd). A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement. ***Id.*** An applicant seeking post-conviction, habeas-corpus relief shoulders the burden to establish by a preponderance of the evidence that the facts entitle the applicant to relief. ***Id.***

In reviewing the trial court's ruling on an application for habeas relief, we examine the evidence in the habeas record in the light most favorable to the trial court's ruling. ***Kniatt v. State***, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rest upon an evaluation of the witnesses' credibility and demeanor. ***Ex parte Reed***, 402 S.W.3d 39, 42 (Tex. App.–Houston [14th Dist.] 2013, pet. ref'd). We apply the same deference to review the habeas court's application of law to fact questions if resolving those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. ***Id.*** We will uphold the trial court's ruling as long as it is correct on any theory of law applicable to the case. ***Ex parte Taylor***, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001).

In interpreting a statute, "[o]ur primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." ***State v. Shumake***, 199 S.W.3d 279, 284 (Tex. 2006). "Where text is clear, text is determinative of that intent." ***Entergy Gulf States, Inc. v. Summers***, 282 S.W.3d 433, 437 (Tex. 2009). "We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." ***Wills v. State***, No. 09-14-00373-CV, 2015 WL 6520924, at *1 (Tex. App.–Beaumont Oct. 29, 2015, no pet.) (mem. op., not designated for publication).

**Discussion**

In the instant case, Appellant argues that under Texas Government Code, Section 508.150, his thirty-year sentence ceased to operate upon the subsequent imposition of his three-year, consecutive sentence.[1]

Texas Code of Criminal Procedure, Article 42.08(b) states as follows:

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2023). Furthermore, Texas Government Code, Section 508.150 sets forth as follows:

> (a) If an inmate is sentenced to consecutive felony sentences under Article 42.08, Code of Criminal Procedure, a parole panel shall designate during each sentence the date, if any, the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.
>
> (b) For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:
>
> > (1) when the actual calendar time served by the inmate equals the sentence imposed by the court; or
>
> > (2) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.

---

[1] We have construed the arguments raised in Appellant's pro se brief liberally in the interest of justice. *See Ex parte Garcia*, 486 S.W.3d 565, 566 (Tex. Crim. App. 2016). For reference, we attempt to summarize Appellant's multifarious arguments, to the best of our ability, as follows: all sentences except death are eligible for parole; a sentence less than two years technically is ineligible for parole because of the "one-half parole rule;" the legislature left the "if any" language in Texas Government Code, Section 508.150(a), which requires the parole panel to designate a parole-eligibility date in cases where an inmate is sentenced to a consecutive-felony sentence, because it knew about the issue with sentences of less than two years and only intended Section 508.1550(b)(1) to apply to a preceding sentence which is ineligible for parole; the Separation of Powers doctrine prevents the executive branch from exercising the same power as the judicial branch; Section 508.150(b)(2) is null and void as an interference by the executive branch with the judicial branch; this court should adopt an interpretation of Section 508.150(b)(2) that the legislature eliminated the remaining portion of Appellant's thirty-year sentence to the date he became eligible for parole and thus, his thirty-year sentence no longer exists because it "ceased to operate;" the correct interpretation of Section 508.150(b)(2) is that the inmate only should be considered for parole on the last sentence in a series of consecutive sentences; and the stacking of Appellant's three-year sentence created a duty on the parole board to designate a date on which he would be eligible for parole and, thus, the thirty year sentence would cease to operate on that parole-eligibility date, after which time, the three-year sentence would proceed to run. *See* TEX. GOV'T CODE ANN. § 508.150 (West 2012).

3

TEX. GOV'T CODE ANN. § 508.150(b) (West 2012).

Appellant was convicted of murder in 1999. Thus, he has not completed his thirty-year sentence for that conviction, and there is no evidence in the record that the parole board made a determination that he is eligible for release on that sentence. *See* 37 TEX. ADMIN. CODE ANN. § 145.3(1) (2023) (Dep't Pub. Safety and Corrections, Parole Process) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law"); *see also **Ex parte Johnson**,* 541 S.W.3d 827, 830 (Tex. Crim. App. 2017) ("A Texas inmate does not have a liberty interest in release on parole. And the Supreme Court has made clear that procedural statutes do not by themselves create liberty interests—there must be a substantive liberty interest that the procedural statute is designed to protect for due process to be implicated").

The function of Section 508.150, as it relates to parole, was discussed thoroughly by one of our sister courts of appeals in ***Cain v. Tex. Bd. of Pardons and Paroles***, 104 S.W.3d 215 (Tex. App.–Austin 2003, no pet.). There, the court explained the matter as follows:

> Cain contends that chapter 508 of the government code establishes mandatory dates upon which inmates become eligible for parole; however, parole is a privilege not a right to which an inmate is entitled once he or she accrues a set amount of time-served credit. The Board may deny parole even after an inmate serving a single sentence has earned enough credit to be eligible for parole review. Section 508.145(f) of the government code provides that an inmate serving a single sentence generally is eligible for parole after accruing credit for one-quarter of his sentence. This does not mean that the inmate is automatically entitled to be released on parole; instead, he is entitled to a review to determine whether he will in fact be released. In other words, section 508.145(f) does not mandate when an inmate is to be released on parole, it merely states the earliest date on which he may be released.
>
> Under section 508.150, an inmate serving consecutive sentences is entitled to a similar review to determine whether he would have been released on parole had he only been sentenced to the term under consideration. Only after the inmate has served or earned the right to parole on each of his sentences, including his final sentence, is he eligible for actual release on parole. Section 145.13(c) allows the Board to review an inmate's sentence and determine, whether and when, had he been serving only one sentence, he would have been released or denied parole and set for future reconsideration. In other words, when an inmate is serving a non-final[,] consecutive sentence, he may be reviewed for parole consideration and, if the Board determines that he would have been a candidate for release had he been serving only one sentence, the Board should set the date on which he would have become eligible; if the Board finds he would not have been released even if he had been serving a single sentence, it may decline to determine an eligibility date and set the case for further review in the future. Those actions are all within the Board's statutorily granted powers.

*Id.* at 218–19 (citations omitted). We agree with and adopt the court's analysis in ***Cain*** in our consideration of Appellant's sole issue.

Further still, in our review, we presume that the legislature intended a just and reasonable result in its enactment of a statute. *See* TEX. GOV'T CODE ANN. §311.021(3) (West 2013). We also presume that in its enactment of a statute, the legislature favored the public interest over any private interest. *See id.* §311.021(5).

Based on our consideration of Appellant's arguments, we conclude that our adopting Appellant's interpretation of the law would necessitate that we disregard these statutorily-imposed presumptions. Were we to do so, we would provide a means by which convicted felons could lessen their sentences by committing new crimes while incarcerated. Such a result is neither just nor reasonable and does not favor the public interest in providing for a safe community. *See id.* § 311.021(3), (5). Therefore, we hold that the trial court did not abuse its discretion in denying Appellant's application for writ of habeas corpus. *See **Cain***, 104 S.W.3d at 218–19. Appellant's sole issue is overruled.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's denial of his application for writ of habeas corpus.

**GREG NEELEY**
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00287-CR**

**EX PARTE: OSCAR BUCKLEY,**
Appellant

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. DCCV23-3876-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order denying Appellant's application for writ of habeas corpus.

It is therefore ORDERED, ADJUDGED, and DECREED that the order of the court below denying Appellant's application for writ of habeas corpus **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*